**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | No.1:09-CR-00015 |
| | : | |
| | : | **CAPITAL 2255 PROCEEDINGS** |
| | : | |
| -v- | : | HON. MARCIA CRONE |
| | : | |
| EDGAR BALTAZAR GARCIA, | : | |
| | : | |
| | : | |
| | : | |

**MOTION FOR APPOINTMENT OF**
**COUNSEL FOR PROCEEDINGS PURSUANT TO 28 U.S.C. § 2255**

Movant, EDGAR BALTAZAR GARCIA, an indigent federal prisoner under sentence of death imposed by this Court, respectfully moves the Court, pursuant to 18 U.S.C. § 3599(a)(2), to appoint counsel to represent him in pursuing any and all available post-conviction remedies, including the investigation, preparation, and prosecution of a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Specifically, Mr. Garcia requests that the Court appoint attorney Ms. Christine Lehmann under the CJA in conjunction with the Federal Public Defender Office for the Northern District of Texas as co-counsel.[1] In support, he states the following.

---

[1] Undersigned counsel were contacted by attorneys with the Federal Capital Habeas Project, a program established by the Judicial Conference of the United States Committee on Defender Services in 2006, to assist with recruitment of counsel for federally death-sentenced prisoners whose § 2255 litigation is commencing. As a program founded and funded by the judiciary, the Project is acutely aware of the need for fiscal efficiency and cost containment.

As explained in more detail in this motion, the Project attorneys approached undersigned counsel to represent Edgar Garcia because of their combined experience representing clients who are convicted of prison killings in capital habeas proceedings and for their proximity to the location of Mr. Garcia's hometown, both features designed to insure cost-effective representation. Undersigned counsel have carefully considered the prospect and are prepared to accept appointment should the Court agree that they are well situated to provide quality and cost-effective representation to Mr. Garcia in his capital § 2255 litigation.

1.      Petitioner, Edgar Baltazar Garcia, is a federal prisoner sentenced to death as a result of his convictions in this Court (No.1:09-CR-00015). His conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit on direct appeal, *United States v. Garcia*, 704 F.3d 368 (5th Cir. 2013), and his petition for certiorari is currently pending before the Supreme Court. *Garcia v. United States*, No. 12-10821.That petition is expected to be ruled on shortly, at which point, assuming it is denied, Mr. Garcia's statute of limitations for filing his § 2255 motion will begin to run.

2.      As required by Administrative Office of the Courts ("AO") protocol, notification of a potential out-of-district defender appointment has been provided to Fifth Circuit Chief Judge Stewart who posed no objection to the appointment. The FDO thus has been granted permission to seek appointment in Mr. Garcia's case.

3.      Pursuant to 18 U.S.C. § 3599(a)(2), this motion seeks the appointment of Ms. Lehmann, who possesses specialized expertise in capital post-conviction litigation, in conjunction with the Office of the Federal Defender which will ensure both that Mr. Garcia receives qualified counsel and that the case is handled efficiently and cost-effectively.

4.      Ms. Lehmann is admitted to practice law in the Eastern District of Texas, the Southern District of Texas, the Eastern District of Louisiana, and the Fifth Circuit Court of Appeals, and has been a member of the Louisiana bar since 2002. She has represented individuals in both federal and state capital post-conviction proceedings in courts throughout the Fifth Circuit. *See Austin v. Stephens*, No. 4:04-CV-2387 (S.D. Tex.); *Thacker v. Dretke*, Cause No. 661,866 (S.D. Tex.); *Robinson v. Reed*, Civ. Act. No. 2:11-cv-01809-ILRL-DEK (E.D. LA) (2241 application re double jeopardy); *Conner v. Mississippi*, No. 13490 (Circuit Court of Lauderdale County, MS); *Russell v. Mississippi*, No. 10,130 (Circuit Court, Sunflower County,

MS). She has also represented defendants in non-capital state and federal post-conviction proceedings. *See, e.g., Robinson v. Cain*, Civ. Act. No. 07-3651 (E.D. LA); *Robinson v. Cain*, No 459379 (32nd Judicial District, LA).

5.      Ms. Lehmann also has considerable experience representing capital clients at trial and on direct appeal.[2] From 2002 to 2006, Ms. Lehmann was a staff attorney at a not-for-profit law firm specializing in capital litigation (the Louisiana Capital Assistance Center, or "LCAC"). From 2006 through 2008 she served as Counsel for Special Litigation and then as Chief Defender of the New Orleans-based Orleans Public Defenders in which she focused on rebuilding that office after it was decimated by Hurricane Katrina. She then returned to the LCAC where she has served as a senior attorney since 2008.

6.      Along with Ms. Lehmann, the undersigned seeks appointment of Federal Public Defender for the N.D. TX Jason Hawkins. Mr. Hawkins has over fifteen years' criminal defense experience, working in the Texas federal courts for the past twelve of those years.[3] He has argued several direct appeals before the United States Court of Appeals for the Fifth Circuit and has also argued a case before the Supreme Court of the United States. *See Setser v. United States*, 132 S.Ct. 1463 (2011).   Mr. Hawkins also possesses capital case experience, including

---

[2] Ms. Lehmann was appointed counsel in district court and in the Fifth Circuit Court of Appeals in *United States v. John Johnson*, No.2:04-cr-00017 (E.D. La) prior to the Fifth Circuit's grant of the government's motion to dismiss its appeal from the district court's order granting a new sentencing hearing. She has also been appointed in many state capital cases. See, e.g., *State v. Brian Smith*, 12-313 (40th Judicial District, Louisiana), *State v. Randy Parker*, No. 05-12-1147 (Parish of East Baton Rouge, Louisiana), *State v. Isaiah Doyle*, No. No. 05-05262 (24th Judicial District Court, Louisiana), *State v. Hakim El-Mumit*, No. 48,509 – A (21st Judicial District, Louisiana), *State v. Dominic Robinson*, No. 370994 (Parish of St. Tammany, Louisiana), *State v. Anthony Scott*, NO. 98-38 (23rd Judicial District Court, Louisiana, *State v. Jonathan Boyer*, No. 14005-02 (14th Judicial District Court, Louisiana), *State v. Frazen Chesson*, NO. 98-38 (14th Judicial District Court, Louisiana), *State v. Lee Roy Odenbaugh*, No. 08-F-1447 (4th Judicial District Court, Louisiana), *State v. Sanchez Brumfield*, No. 11-06-0222 (19th Judicial District Court, Louisiana), State v. Antoine Watts, No. 107822 (21st Judicial District Court, Louisiana), *State v. Lee Roy Williams*, No. 3592-10 (14th Judicial District Court, Louisiana), *State v. Ronald Anderson*, No. 433-888 (Orleans Parish, Louisiana), *State v. Michael Anderson*, No. 496-049 & 496-050 (Orleans Parish, Louisiana); *and State v. Ricky Langley*, No. 06-KK-1041 (La. 5/22/2007); 958 So. 2d 1160.

[3] Mr. Hawkins' application for admission to the Eastern District of Texas is pending as of December 16, 2013.

representing death-sentenced prisoners in § 2254 litigation and in a federal capital case pre-trial in which the Department of Justice withdrew capital certification. *See United States v. Anthony Benavides*, 3:01-CR-246 (N.D. Tex); *see also Robert Wayne Murray v. Stewart*, 2:99-CV-1812 (D.AZ.); *Ernest Valencia Gonzales v. Ryan*, 2:99-CV-2016 (D. AZ.).

7.    However, Mr. Hawkins leads four offices with a total of thirty-four staff and also shoulders significant administrative responsibilities and therefore is not in a position to act as the sole capitally experienced lawyer litigating Mr. Garcia's § 2255 case. As he is the only attorney in his office with capital case experience, Mr. Hawkins has agreed to represent Mr. Garcia if appointed alongside counsel with substantial capital experience. Mr. Hawkins will not bill the Court for any of his or his staff's time working on Mr. Garcia's case. Moreover, appointment of the FPD will reduce the administrative burden on the Court associated with case budgeting, and to the extent possible, case-related expert services, will be provided in large part through the FPD's office's budget.

8.    Consistent with ongoing cost containment efforts, and in light of reductions to overall funding resulting from sequestration, appointment of Ms. Lehmann along with Federal Public Defender for the N.D. TX, Jason Hawkins, will have the benefit of certain cost savings to the federal Judiciary. First, both offices have support staff that will help contain costs. Specifically, appointment of Ms. Lehmann's office insures cost-containment for the following reasons. Beyond her extensive experience in capital habeas representation, Ms. Lehmann has also developed proficiency in two areas often requiring additional training and resources that are central to Mr. Garcia's case. First, Ms. Lehmann and her office have experience in the investigation and presentation of guilt-phase and penalty-phase issues unique to prison settings, gleaned from several cases the office has worked on in Texas, Mississippi, and Louisiana. This

experience will allow this legal team to proceed efficiently, given that the offense for which Mr. Garcia was convicted took place at a federal prison in Beaumont and the different facilities at which Mr. Garcia was incarcerated for several years preceding that offense. Second, Ms. Lehmann and her colleagues have significant experience representing individuals with deep familial and cultural roots in foreign countries, including Mexico, where they have conducted investigation and developed contacts with U.S. consulate officials, among others, in connection with capital cases. In fact, she has among her staff two Spanish-speaking investigators whom she will be able to supervise. This is critical, as several of Mr. Garcia's family members were born in Mexico and are native Spanish speakers.

9.      Appointment of Mr. Hawkins's office will also help keep costs down. Three of the N.D. Tex. FPD's offices are within three hours' drive of Abilene, where Mr. Garcia spent a good deal of his life before he was incarcerated. Counsel's familiarity with the area will therefore save time, and as noted above, to the extent possible, expert services will be paid for through the FPD's case budget, obviating the need for CJA counsel to spend extensive time on funding motions and reducing the Court's administrative burden associated with case budgeting.

WHEREFORE, Mr. Garcia respectfully requests that the Court appoint Ms. Christine Lehmann and Jason Hawkins, the Federal Public Defender for the Northern District of Texas, as counsel in seeking all available post-conviction remedies. A proposed order accompanies this motion.

Respectfully Submitted,

*/s/ Christine Lehmann*

Christine Lehmann                                    Jason D. Hawkins

Louisiana Capital Assistance Center
636 Baronne Street
New Orleans, LA 70113
(504) 558-9867
(504) 558-0378 (fax)
Louisiana Bar #28122

Federal Public Defender
Northern District of Texas
525 Griffin Street, Suite 629
(214) 767-2746
(214) 767-2886 (fax)
Texas Bar #00795763

Dated:        December 18, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of December, 2013, I served a true and correct copy of the foregoing pleading by electronic mail from the clerk of court for delivery on opposing counsel.