**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

---

|  |  |  |
|---|---|---|
| EDGAR BALTAZAR GARCIA, | : | |
| Petitioner | : | |
| | : | |
| | : | 1:13-cv-723 - MAC - KFG |
| -v- | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |
| | : | |
| | : | |

---

## UNOPPOSED MOTION TO SEAL EDGAR BALTAZAR GARCIA'S 28 U.S.C. § 2255 PETITION; MEMORANDUM OF LAW IN SUPPORT OF MOVANT'S MOTION TO SEAL

### I. Motion

EDGAR BALTAZAR GARCIA, by and through his undersigned counsel, respectfully moves the Court, pursuant to Local Rule CV-5(a)(7), to enter an Order directing the District Clerk to file Edgar Baltazar Garcia's entire 28 U.S.C. § 2255 petition, including the Motion for Collateral Relief and all supporting exhibits and declarations, under seal. The Parties have met and conferred regarding this Motion, and the Respondent has no objections to the motion at this time.

### II. Memorandum of Law

On February 24, 2015, Edgar Baltazar Garcia will file his Motion for Collateral Relief ("Motion"), pursuant to 28 U.S.C. § 2255, in which he will ask the Court to grant him a new

trial, to vacate the judgment entered against him, and/or to vacate, set aside or correct the sentence imposed upon him.  In support of this Motion, Mr. Garcia will file numerous exhibits and third-party declarations.  A number of the declarations and exhibits lodged with Mr. Garcia's Motion discuss information that is required by law or court order to be sealed from public access.  Many of these presumptively-sealed exhibits are also incorporated into the text of Mr. Garcia's Motion.  Significant considerations weigh in favor of sealing the entire 2255 petition, such as the fact that many exhibits filed in support of the Motion must be sealed from public access and the high likelihood that individuals known to Mr. Garcia will rely on the Motion and supporting documents for an improper purpose and to harm Mr. Garcia.  For these reasons, and those discussed more fully therein, Mr. Garcia's entire Motion and supporting exhibits and declarations should be filed under seal and restricted from public access.

**A. <u>Federal Law and Court Order Requires Certain Exhibits Filed in Support of Mr. Garcia's 28 U.S.C. § 2255 Petition be Redacted and/or Filed Under Seal</u>**

**1. <u>Bureau of Prisons Records</u>**

Exhibits to Mr. Garcia's § 2255 Motion will include records trial counsel obtained in discovery from the Federal Bureau of Prison's files.  Upon the government's motion, this Court issued a protective order over the BOP records, ordering that "this data is confidential and should only be provided to individuals necessary to the preparation of the defense of the charges in this case."  Order, Dkt. No. 225 (March 15, 2010); *see* Tr. Status Conf. p. 89, 99 (March 4, 2010), Tr. Sel., p. 1153-54 (May 19, 2010).  The restricted access to these records is based upon the fact that they contain confidential information concerning prison operations and prisoner conduct which could, if publicly revealed, result in security issues for the prison and safety issues for inmates.  Information derived from these confidential sources is discussed throughout Mr.

Garcia's petition. This protective order was never lifted and the records remain subject to it. Therefore, in accordance with this Court's Order, the Federal BOP records must be kept under seal.

Notably, information from these records is repeated in and commented upon throughout the motion.

Mr. Garcia's motion will also have exhibited to it multiple declarations from current and former BOP inmates which address conditions and practices at BOP facilities around the country. For the same reason that the government and court wished to keep the BOP records under seal, it is desirable to keep these declarations under seal as well.

## 2.   Completed Jury Questionnaires and Juror Declarations

The 28-page "Jury Questionnaire," completed by each of the twelve original seated jurors on April 6, 2010, will also be exhibited in Mr. Garcia's § 2255 Petition.  Some of the questions included on this form include questions about the jurors' history of mental health treatment, private religious beliefs, and whether the jurors or their family members or friends have ever been a victim of a crime.  In responding honestly to these questions, many of the jurors disclosed sensitive and/or embarrassing information.  *See, e.g., United States v. Sampson*, 297 F.Supp.2d 340, 341 (Mass. 2003) (juror questionnaire in capital case "require[d] the disclosure of detailed personal information that potential jurors may reasonably consider sensitive or embarrassing and, therefore, be reluctant to reveal."). The trial court recognized the possible discomfort each of the jurors faced in completing the questionnaire.  In explaining to the jury the importance of their candor in responding to the jury questionnaire, the court assured the jury that their responses would be confidential: "Completed questionnaires will remain under seal and will be stored in the court's vault. They are not accessible to the public." (Voir Dire Tr. vol. 1, p. 35 April 6,

2010). In accordance with the court's order and the juror's expectations, the questionnaires and the petition's discussion of their contents, must be filed under seal.

Juror declarations obtained during the past year will also be attached to this motion as exhibits, and are discussed in the motion.

### 3. <u>Medical Records</u>

Exhibits to Mr. Garcia's Motion under 28 U.S.C. § 2255 will include medical information and records of Mr. Garcia and his family members.  At the same time, numerous declarations filed in support of Mr. Garcia's Motion, including the Declarations of various doctors and family members, discuss sensitive medical diagnoses and confidential medical information of Mr. Garcia and other third-party witnesses.  Information contained in these documents is considered private and confidential under federal law, including the Health Insurance Portability and Accountability Act ("HIPAA"), which protects the privacy of medical records.  Mr. Garcia's counsel obtained these records through HIPAA-compliant releases from witnesses who expected limited use of their medical information.  Under HIPAA, "the filing of a lawsuit does not waive the disclosure of confidential health information."  *Palazzolo v. Mann*, No. CV-09-10043, 2009 U.S. Dist. LEXIS 22348 at *4 (E.D. Mich. Mar. 19, 2009); *see also Woods v. Smith*, 2013 U.S. Dist. LEXIS 23647, 2013 WL 655731 (S.D. Tex. Feb. 20, 2013) (medical documents ordered sealed based upon confidentiality requirements of HIPAA).  Thus, in order to protect those witnesses from breaches of their privacy, the records must be maintained under seal.

The Supreme Court has recognized that one type of privacy interest protected under the constitutional right to substantive due process is "the individual interest in avoiding disclosure of personal matters."  *Whalen v. Roe*, 429 U.S. 589, 599 (1977).  Indeed, many Circuit Courts, including the Fifth Circuit, have explained that "the [Supreme] Court assumed that protection of

the autonomy right could extend to decisions concerning medical care." *Plante v. Gonzales*, 575 F.2d 1119, 1131 (1978) (internal citations omitted); *see also, Tuscon Woman's Clinic v. Eden*, 379 F.3d 531, 551 (9th Cir. 2004) ("[i]ndividuals have a constitutionally protected interest in avoiding 'disclosure of personal matters,' including medical information."); *Barry v. City of New York*, 712 F.2d 1554, 1558 (1983)("The cases sometimes characterized as protecting 'privacy' have in fact involved at least two different kinds of interests.  One is the individual interest in avoiding disclosure of personal matters…") (internal citations omitted).

There is no necessity to make public the details of witnesses' medical records.  Both the Court and the Respondent – the only entities with a compelling right of access to such information – will have access to this information.  As such, there is no legitimate reason that this Court permit the violation of the privacy interests of Mr. Garcia and his family members by the public disclosure of the records.  Thus, these medical records, and the corresponding declarations discussing this sensitive and confidential information, should be sealed.[1]

### B.  <u>Good Cause Exists to Seal Mr. Garcia's Entire 28 U.S.C. § 2255 Petition</u>

In addition to the foregoing law <u>requiring</u> the sealing of certain exhibits filed in support of Mr. Garcia's 2255 petition, good cause exists to seal Mr. Garcia's <u>entire</u> 28 U.S.C. § 2255 petition.  Although the court tends to favor openness and public access to judicial records and proceedings, the public's right of access to court documents and trials is not absolute.  *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-99 (1978).  As the Supreme Court articulated

---

[1] Simple redaction or sealing of these exhibits and declarations alone will not adequately address the privacy concerns raised by the potential disclosure of medical records, because in numerous instances, the information contained in these documents has been incorporated into the text of Mr. Garcia's Motion.  Thus, any reference made to these confidential documents within Mr. Garcia's motion must also be protected from public disclosure.  At a minimum, in light of the foregoing privacy concerns, these references should be redacted in the text of the document; however, considering the frequency with which these records are discussed throughout the Motion, a safer approach would be to seal the entire Motion.

in *Nixon*: "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Id*. at 598.

In assessing whether public access is appropriate, the trial court must evaluate the facts and circumstances of each case, and must carefully balance the public's right of access against the interests of non-disclosure. *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 C.A.5 (5th Cir. 1993) ("In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure."); *Nixon*, 435 U.S. at 599. Among the nondisclosure interests to be considered by the District Court are: "(1) the Court's supervisory powers over its own documents; (2) the benefit to the public from the incremental gain in knowledge that would result from access to the materials in question; (3) the degree of danger to the petition or other persons mentioned in the material; (4) the possibility of improper motives on the part of the media; and (5) any special circumstances in the case." *Wiant v. United States*, No. 2:00-CR-108, 2005 WL 1651718 at *3 (S.D. Ohio, July 11, 2005). Here, the potential for improper use of Mr. Garcia's petition, unwanted exposure of internal BOP matters, as well as the likely harm jurors, Mr. Garcia, family members, and other declarants would endure should the petition be used improperly, significantly outweigh any presumptive right of public access, thereby justifying the sealing of Mr. Garcia's entire § 2255 petition.

As stated above, BOP records originally filed under seal in the criminal case and multiple declarations from inmates describing BOP conditions and practices are attached as exhibits to the motion and discussed at length within the motion. It is the understanding of undersigned counsel that the BOP would prefer that these descriptions and discussions be kept under seal.

Mr. Garcia's Motion contains facts about, and is supported by declarations by, many of Mr. Garcia's family members. Many of these facts are extremely sensitive and, if made public,

would subject his family members to embarrassment and distress.  Those sensitive facts include trauma, substance abuse, physical abuse, criminal activity and mental illness.  It is necessary that the Court have knowledge of these facts so that it may appreciate Mr. Garcia's full social history; however, Mr. Garcia's family members have done nothing to deserve having their extremely private details made public. *See United States v. Boyd*, No. 3:07-CR-3, 2008 WL 2437725, at \*4 (E.D. Tenn. June 13, 2008) (private information of third parties in criminal case ordered sealed because "any remaining information on these records would provide very little, if any, benefit to the public, and may still be harmful to third parties").

Mr. Garcia's Motion also contains declarations concerning organized gang activity and drug trafficking in Texas, Mexico, and within the BOP.  Many of the declarants are former or current gang members or those with knowledge of gangs.  Should the facts contained within those declarations become public, those declarants could be at risk.

Mr. Garcia's Motion is supported by multiple declarations by current and former BOP inmates.  Many of these declarations contain sensitive information about malfeasance and violence in federal BOP prisons, including the presence and activities of gangs.  Should the facts contained within those declarations become public, those declarants could be at risk.

Given the confidential nature of a significant body of documents and information which forms the basis for the claims raised throughout the Petition, the entire document should be sealed.  The Petition itself refers to, quotes from, and contains significant information derived from all of these exhibits, including both the presumptively sealed and the highly personal.  As such, the Petition in its entirety should be filed under seal.  Thus, good cause exists for this Court to order the sealing of Mr. Garcia's entire § 2255 petition, including the Motion and all supporting exhibits and declarations.

### III.   Conclusion

For the forgoing reasons, Mr. Garcia respectfully requests that this Court enter the attached

proposed order directing the District Clerk to file Mr. Garcia's entire 28 U.S.C. § 2255 petition,

including the Motion for Collateral Relief and supporting exhibits, under seal.


Respectfully Submitted,

| | |
|---|---|
| */s/ Christine Lehmann* | /s/ *Jason D. Hawkins* |
| | |
| Christine Lehmann | Jason D. Hawkins |
| Louisiana Capital Assistance Center | Federal Public Defender |
| 636 Baronne Street | Northern District of Texas |
| New Orleans, LA 70113 | 525 South Griffin Street, Suite 629 |
| (504) 558-9867 | Dallas, Texas 75202 |
| (504) 558-0378 (fax) | (214) 767-2746 |
| Louisiana Bar #28122 | (214) 767-2886 (fax) |
| | Texas Bar No. 00795763 |


Dated:  February 18, 2015


## CERTIFICATE OF SERVICE

This is to certify that, on this February 18, 2015, I served a true and correct copy of the

foregoing pleading by electronic mail and first class mail on opposing counsel

*/s/ Christine Lehmann*


## CERTIFICATE OF CONFERENCE

This is to certify that undersigned counsel conferred with Joseph Batte, Counsel for the

Government, on February 18, 2015, and he does not oppose this motion.


*/s/ Christine Lehmann*

8

9