IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

EDGAR BALTHAZAR GARCIA         §
                              §
                              §
v.                            §         No. 1:13-cv-723 (MAC-KFG)
                              §
UNITED STATES OF AMERICA       §

**GOVERNMENT'S ("RESPONDENT'S") RESPONSE TO PETITIONER'S MOTION FOR LEAVE TO CONDUCT DISCOVERY**

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America ("Respondent") by and through the United States Attorney for the Eastern District of Texas and files this Response to the Petitioner, EDGAR BALTHAZAR GARCIA'S Motion for Leave to Conduct Discovery, and would show the Court the following:

I.

Because Petitioner has not shown good cause nor offered any no authority for his request for broad, and far-reaching discovery of materials that are not maintained or under the control of Respondent, *after* having filed his habeas motion under Rule 2255, but *prior* to the government's filing of a response, or the Court's decision whether or not to set a hearing on Petitioner's motion, said motion is ill-taken, and should be denied.

II.

A habeas petitioner, unlike the usual civil litigant, is not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley,* 520 U.S. 899, 904, 117 S.Ct. 1793, (1997).   While Petitioner correctly notes that discovery may be permitted when "good

cause" is shown, good cause requires "specific allegations" that would lead a court to believe that , if fully developed, would demonstrate that the petitioner was entitled to relief.   *United States v. Fields,* 761 F.3d 443, 478-479 (5th Cir. 2014).   Rule 6 does not authorize fishing expeditions.   *Id.*

In *Fields,* the Fifth Circuit upheld the district court's ruling denying Petitioner discovery after a capital murder conviction.   As in *Fields,* Pettioner here fails to make a sufficient showing of good cause.   Rather, Petitioner here engages in classic fishing expedition tactics, asking for access to documents in the hopes that they may contain evidence that they hope might somehow be favorable.   For instance, they ask for "all correctional and medical files" of the victim in the case in "anticipation" that there might be evidence of the victim's past behavior to support the claim that the victim threatened the defendants.   Petitioner also claims that "upon information and belief" there exists records within the Bureau of Prison to support the argument that Petitioner was exposed to violence while incarcerated.   Such requests are clearly nothing more than fishing expeditions.

Further, even if such evidence exists as Petitioner suggests, he has not made a showing that if it had been presented at trial the result would have been different, and therefore he would be entitled to relief in a habeas proceeding.   Rather, Petitioner at best only suggests that the discovery he seeks may "support a claim in mitigation." (Petitioner's Motion, p. 3).

III.

Assuming *arguendo,* that the Court finds that good cause exists to warrant

discovery at this stage of the case, Petitioner's request should be severely limited because it is overly broad.   First, the information (which may or may not exist) Petitioner demands is not in the possession of the undersigned United States Attorney.[1]

Additionally, the overly broad discovery Petitioner seeks will necessarily put the safety of others at risk if disclosed. (For example he asks for all information maintained by the Bureau of Prisons on the "Texas Syndicate" prison gang).    In such an event the government requests a hearing prior to any disclosure resulting from this motion.

For the foregoing reasons, Respondentrespectfully requests this Court to DENY Petitioner EDGAR BALTHAZAR GARCIA's Motion for Leave to Conduct Discovery.

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY

/s/ Joseph R. Batte
JOSEPH R. BATTE
Assistant United States Attorney
Texas Bar No. 01918070
350 Magnolia, Suite 150
Beaumont, Texas   77701
(409) 839-2538
(409) 839-2550 (fax)
email:   joe.batte@usdoj.gov

---

1 The government provided Petitioner's trial counsel with over 5000 pages of discovery in this case, including many of the documents sought in his motion, including, Petitioner's claim notwithstanding, his entire BOP "Central File."

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was sent to defense counsel via electronic transmission on this the 3rd day of March, 2015.

/s/ Joseph R. Batte
Assistant United States Attorney