IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

EDGAR BALTAZAR GARCIA        §
                            §
V.                          §    No. 1:13CV723
                            §
UNITED STATES OF AMERICA     §

## GOVERNMENT'S UNOPPOSED MOTION TO STAY

The government moves to stay this case until the Supreme Court decides whether the Eighth Amendment's guarantee of "individualized sentencing" precludes joint sentencings of co-defendants in capital cases.

### I.  Proceedings

On January 21, 2009, a federal grand jury in the Eastern District of Texas returned a one-count indictment against Edgar Baltazar Garcia and co-defendant Mark Isaac Snarr, charging them with the murder of Gabriel Rhone, in violation of 18 U.S.C. §§ 1111 and 2. 1:09CR15 (Doc. No. 7).  The United States filed notices of intent to seek the death penalty against both defendants on February 4, 2009.  1:09CR15 (Doc. Nos. 18, 19).

On November 23, 2009, both defendants filed motions for severance.  1:09CR15 (Doc. Nos. 84, 86).  The government opposed the motions, 1:09CR15 (Doc. Nos. 93, 94), and on December 22, 2009, the Court entered an order denying the motions, 1:09CR15 (Doc. No. 151).

The Court divided the trial into three phases:  guilt/innocence, eligibility for the death penalty, and selection of sentence.  The guilt/innocence phase of the trial began on May 3, 2010, and the jury returned guilty verdicts against both Garcia and Snarr on May

**Motion to Stay — Page 1**

7.  The eligibility phase began on May 10.  Two days later, the jury found both defendants eligible for the death penalty.  On May 21, the unanimous jury selected the death penalty for both Garcia and Snarr.  The Court sentenced both defendants to death immediately after the verdict and entered its written judgment on May 25, 2010. 1:09CR15 (Doc. Nos. 353, 355).

Garcia and Snarr each filed a timely notice of appeal.  They filed a joint brief in which they challenged, among other things, the Court's denial of their motions to sever. The Fifth Circuit Court of Appeals affirmed Garcia's conviction and sentence, specifically rejecting his arguments regarding severance.  *United States v. Snarr*, *et al*, 704 F.3d 368, 395-98 (5th Cir. 2013).  Garcia petitioned the Supreme Court for a writ of certiorari.  *Garcia v. United States*, No. 12-10821.  The Court denied his petition on February 24, 2014.  *Garcia v. United States*, 134 S. Ct. 1273 (2014)

On February 24, 2015, Garcia filed a motion to vacate under 28 U.S.C. § 2255, which is currently pending before the Court.  1:13CV723 (Doc. No. 32).  The Court entered a show cause order on March 2, 2015, ordering the government to file a response by May 24, 2015.  1:13CV723 (Doc. No. 47).

On March 30, 2015, the Supreme Court granted certiorari in two capital cases, *Kansas v. Reginald Carr*, No. 14-450, and *Kansas v. Jonathan Carr*, No. 14-449.  One of the questions to be answered is

> [w]hether the trial court's decision not to sever the sentencing phase of the co-defendant brothers' trial here—a decision that comports with the traditional approach preferring joinder in circumstances like this—violated an Eighth Amendment right to an "individualized sentencing" determination and was not harmless in any event?

**Motion to Stay — Page 2**

Exhibit A; Exhibit B.

The Court has consolidated the cases for argument on this and one other question.

## II.  Grounds for Stay

The United States moves the Court to stay this case until the Supreme Court decides the severance issue quoted above.  A stay will assist the Court.  Garcia's Section 2255 motion is lengthy—380 pages—and voluminous attachments.  1:13CV723 (Doc. Nos. 31, 33-43).  The motion sets out nineteen claims for relief, thirteen of which have multiple sub-claims.  Motion at pp. i-vii.  Likewise, the record from the trial is lengthy. Proceeding with the case while the Supreme Court considers a constitutional issue that could possibly require a re-trial, at least of the sentencing phase, could result in a waste of scarce judicial resources.  Similarly, requiring the government to respond while the Supreme Court case is pending will unduly burden the government by requiring it to expend a significant amount of time responding to issues that may be rendered irrelevant. Staying the case until the Court decides the severance issue will conserve already-strained government resources without working harm on Garcia.

Therefore, the government moves the Court to stay this case until the Supreme Court decides *Kansas v. Reginald Carr*, No. 14-450, and *Kansas v. Jonathan Carr*, No. 14-449.  At that point, the government's response schedule will resume.  Once the schedule resumes, the government will seek a realistic amount of time to file its response after conferring with Garcia's counsel.

**Motion to Stay — Page 3**

### III.  Certificate of Conference

On April 6, 2015, the undersigned conferred with Christine Lehmann, counsel for Garcia.  She advised that Garcia does not oppose a stay.

### IV.  Conclusion

For the reasons stated above, the United States moves the Court to stay this case until the Supreme Court decides *Kansas v. Reginald Carr*, No. 14-450, and *Kansas v. Jonathan Carr*, No. 14-449.  At that point, the government's response schedule will resume, and the government will seek an appropriate amount of time to file its response after conferring with Garcia's counsel.

Respectfully submitted,

John M. Bales
United States Attorney
Eastern District of Texas

/s/ Traci L. Kenner
Traci L. Kenner
Assistant United States Attorney
110 N. College, Suite 700
Tyler, Texas 75702
(903) 590-1400
(903) 590-1439 (fax)
Traci.Kenner@usdoj.gov
Texas Bar No. 11307070

### CERTIFICATE OF SERVICE

I certify that on April 8, 2015, this document was served by the Court's ECF system on Christine Lehmann and Jason D. Hawkins, counsel for Garcia.

/s/ Traci L. Kenner
Traci L. Kenner
Assistant United States Attorney

**Motion to Stay — Page 4**