IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

EDGAR BALTAZAR GARCIA, #28132-177 §

VS. §

UNITED STATES OF AMERICA §

CIVIL ACTION NO. 1:13cv723
CRIM. NO. 1:09-CR-00015(2)

O R D E R

Before the Court is the Government's unopposed motion to stay the case until the Supreme Court decides whether the Eighth Amendment's guarantee of "individualized sentencing" precludes joint sentencings of co-defendants in capital cases. Edgar Baltazar Garcia and co-defendant Mark Isaac Snarr were tried together. They both filed motions for a severance, which were denied. The Fifth Circuit rejected their arguments regarding a severance. *United States v. Snarr*, 704 F.3d 368, 395-98 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1273 (2014). On March 30, 2015, the Supreme Court granted certiorari in two capital cases to answer the question of whether the trial court's decision not to sever co-defendants' trial violated their Eighth Amendment right to "individualized sentencing." *Kansas v. Reginald Carr*, No. 14-450, and *Kansas v. Jonathan Carr*, No. 14-449. The Government argues that the present case should be stayed during the pendency of the *Carr* cases. The Government further argues that its response schedule should resume once the Supreme Court decides this issue. Counsel for Garcia does not oppose the stay.

The Court finds the Government's arguments to be persuasive. The issue before the Supreme Court was specifically raised in the present case and the outcome of the *Carr* cases could profoundly impact this case. The Court is also of the opinion that the case should be both stayed and administratively closed. There is no need for the present case to remain on this Court's active docket during the pendency of the *Carr* cases in the Supreme Court. It is therefore

**ORDERED** that the Government's unopposed motion to stay (docket entry #53) is **GRANTED** and the proceedings are **STAYED** and **ADMINISTRATIVELY CLOSED** while the Supreme Court considers the *Carr* cases. The Government shall notify this Court within thirty days of the conclusion of the proceedings in the *Carr* cases. At that time, the Court will lift the stay, return the case to the active docket, and issue a scheduling order for the continuation of the present proceedings. It is finally

**ORDERED** that Garcia's motion for discovery (docket entry #27) and motion for access to sealed documents (docket entry #28) are **DENIED** in light of the stay. Garcia may reurge the motions once the stay is lifted.

**SIGNED this the 15th day of April, 2015.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE