**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **EDGAR BALTAZAR GARCIA** | |
| **Petitioner,** | |
| **v.** | **CIVIL ACTION NO. 1:13cv723** |
| | **CRIM. NO. 1:09-CR-00015(2)** |
| **UNITED STATES OF AMERICA,** | |
| **Respondent.** | |

**GOVERNMENT'S UNOPPOSED MOTION TO UNSEAL ALL SEALED MOTIONS, ORDERS, REPORTS AND PROCEEDINGS RELEVANT TO THE DEFENSE BUDGET**

The United States of America, by and through undersigned counsel, respectfully moves this Court to unseal all sealed motions, orders, proceedings, reports or docket entries concerning the defense budget relevant to Garcia's asserted claim of lack of expert funding in his motion for collateral relief pursuant to 28 U.S.C. § 2255.

**ARGUMENT**

The government requires access to the requested materials to adequately respond to Garcia's motion for relief under 28 U.S.C. § 2255, in which he alleges ineffective assistance of counsel based on an asserted lack of funding for his defense. *See* Doc. 31 at 269-307. By broadly attacking the quantity of funding and quality of representation (*see id.* at 1-313), Garcia has put his privileged communications at issue, waiving any claim that the budget documents should remain confidential.

The Criminal Justice Act, hereinafter referred to as the "CJA," provides statutory authority for funding the representation of indigent criminal defendants. 18 U.S.C. § 3006A.

The statute provides for disclosure of attorney fees subject to certain considerations.  18 U.S.C. § 3006A(d)(4)(A).  Specifically, subparagraph (C) governs disclosure after trial:

> **(C) Trial completed**.—
> (i) **In general**.— If a request for payment is not submitted until after the completion of the trial and subject to consideration of the defendant's interests as set forth in subparagraph (D), the court shall make available to the public an unredacted copy of the expense voucher.
> (ii) **Protection of the rights of the defendant**.— If the court determines that defendant's interests . . .require a limited disclosure, the court shall disclose amounts as provided in subparagraph (B).

While the CJA expressly limits disclosures to protect attorney-client confidentiality (§ 3006A(d)(4)(D)(iii)), a claim of ineffective assistance of counsel waives the privilege.  I*n re Lott,* 424 F.3d 446, 453-54 (6th Cir. 2005); *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003); *Laughner v. United States*, 373 F.2d 326, 327 n.1 (5th Cir. 1967).  The waiver rule dates back at least to an 1888 decision, *Hunt v. Blackburn*, in which the Supreme Court stated,

> "When Mrs. Blackburn entered upon a line of defence which involved what transpired between herself and Mr. Weatherford [her lawyer], and respecting which she testified, she waived her right to object to his giving his own account of the matter."  . . . . The principle is often expressed in terms of preventing a party from using the privilege as both a shield and a sword.

*Bittaker*, at 718-19; *see also Alvarez v. Woodford*, 81 Fed. Appx. 119, **1 (9th Cir. 2003) (noting the concerns discussed in *Bittaker* also dictate waiver of the work product protection").

The waiver rule is consistent with the general presumption that criminal proceedings are open to the public.  *See Press-Enterprise Co. v. Superior Court,* 478 U.S. 1, 7 (1986); *see also SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (stating that "(c)ourts have long recognized a common-law right of access to judicial records").  Though the public possesses only a qualified right of access to the records of criminal proceedings, courts should "charily" exercise their discretion to seal the documents.  *Id*. (quoting *Federal Savings & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir.1987)).

To facilitate a fair and meaningful review of Garcia's claims that counsel performed ineffectively in this case, the government requires access to the sealed budget records from his trial. In asserting counsel's ineffectiveness as a function, Garcia cites the following sealed budget documents: docket entries 91, 242, 242-4, 243, and 244;[1] the September 9, 2009 budget order, the December 4, 2009 ex parte motion regarding Trahan; the December 10, 2009 phone conference; and the March 29, 2010 motion regarding multiple experts. By necessity, the government cannot meaningfully respond to claims premised on documents it cannot read.

The government also seeks access to uncited documents, as it believes that they have potential bearing on the issues at bar. As a general matter, the government cannot fully respond to claims that the courts deprived Garcia of adequate funding absent a complete understanding of the budgeting process, as reflected in requests and rulings. With specific regard to claims of inadequate investigation (*see, e.g.*, Doc. 31 at 157-201), the government must show that defense counsel performed reasonably in light of the facts known to the attorneys. *See Wiggins v. Smith*, 539 U.S. 510, 527 (2003). Presumably, counsel's funding requests will reflect upon their knowledge and motivations in investigating the case. Given these broad-ranging concerns, the government seeks access to all sealed budget records, including (but not necessarily limited to) docket entries 4, 5, and 6, and the CJA or budget documents dated 3/26/09, 3/31/09, 4/6/09, 4/9/09, 7/16/09, 7/22/09, 8/31/09, 11/10/09, 1/7/10, 1/15/10, 2/25/10, 3/4/10 (two entries), 4/5/10 (three entries), 4/26/10, 4/27/10, 5/5/10, 5/6/10, 5/7/10, 6/7/10, 6/15/10, 6/16/10, 6/24/20, 7/8/10, 7/23/10 (three entries), 10/12/10 (two entries), and 10/25/10.

---

[1] Garcia also refers to documents 50, 54, 61, and 138, which were unsealed by order of the court (Trl. Doc. 262).

## CERTIFICATE OF CONFERENCE

The undersigned has conferred with Richard Bourke and Christine Lehmann, counsel for Garcia.  The parties jointly propose the following procedure to allow government access to relevant documents: (1) that Garcia will file an unopposed motion for access to all sealed documents relevant to the defense budget in his case; (2) subsequent to receipt of the sealed budget documents and records, counsel for Garcia will prepare a sealed records log that provides a sufficient description of the nature of each sealed document to allow the government to assess whether the documents may or may not be relevant to the claims in Garcia's motion; (3) upon disclosure of the sealed records log, the parties shall meet and confer and submit an unopposed motion to grant the government access to relevant sealed records; (4) and for any disputed records, the government may move to unseal those documents and Garcia may respond to the government's request.

## CONCLUSION

Based on the foregoing reasoning and authority, the government respectfully urges this Court to unseal budget documents from Garcia's trial.

Respectfully submitted,

John M. Bales
United States Attorney
Eastern District of Texas

/s/ Jeffrey A. Zick
Jeffrey A. Zick
Trial Attorney
U.S. Department of Justice
1331 F. Street, NW, 6th Floor
Washington, D.C. 20530
(202) 616-3942
Jeffrey.Zick@usdoj.gov
Arizona Bar No. 018712

/s/ Joseph R. Batte (with consent)
Joseph R. Batte
Assistant United States Attorney
350 Magnolia, Suite 150
Beaumont, Texas 77701
(409) 839-2538
(409) 839-2550 (fax)
Texas Bar No. 01918070
Joe.Batte@usdoj.gov

/s/ Traci L. Kenner (with consent)
Traci L. Kenner
Assistant United States Attorney
110 N. College, Suite 700
Tyler, Texas 75702
(903) 590-1400
(903) 590-1439 (fax)
Traci.Kenner@usdoj.gov
Texas Bar No. 11307070

### Certificate of Service

I certify that on November 10, 2016, this document was served by the Court's

ECF system on Christine Lehmann and Jason D. Hawkins, counsel for Garcia.

/s/ Jeffrey A. Zick
Jeffrey A. Zick
Trial Attorney
U.S. Department of Justice