IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

EDGAR BALTAZAR GARCIA, #28132-177 §

VS. § CIVIL ACTION NO. 1:13cv723
CRIMINAL NO. 1:09CR00015-002

UNITED STATES OF AMERICA §

O R D E R

Before the Court are several discovery motions filed by Movant Edgar Baltazar Garcia: First Motion for Lave to Conduct Discovery (Dkt. #70), Motion for Exculpatory and Impeachment Information and Incorporated Memorandum (Dkt. #71), and Motion to Allow Retained Experts to Rely On and Share Information from BOP Documents Previously Received by these Experts in Other Cases (Dkt. #73). The Government has filed responses opposing each motion (Dkt. ## 76-78). The Government argues that Garcia's requests are premature and he fails to show good cause for the "numerous and far-ranging" discovery requests.

Garcia's motions are governed by the Rules Governing Section 2255 Cases. The Rules provide for the orderly progression of § 2255 proceedings. Rule 3 provides for the filing of the motion and service. Rule 4 provides for a preliminary consideration of the motion by a court. If a motion is not dismissed at that juncture, then Rule 5 provides for an answer and reply. The court will then review the answer and reply to determine whether the case should proceed. If the motion is not dismissed at that juncture, then Rule 6 provides for discovery. Discovery is permitted only on a showing of good cause.

1

In the present case, the case has not progressed far enough for a determination to be made whether discovery should be permitted. Garcia has filed a § 2255 motion, but the Government's answer is not due until April 1, 2017, and the reply is not due until June 1, 2017. The discovery requests are premature.

In addition to the foregoing, Garcia has not shown good cause for engaging in discovery. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Discovery is warranted "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Id.* at 908-09. Under Fifth Circuit precedent, "a habeas petitioner may 'invoke the process of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause grants leave to do so, but not otherwise.'" *United States v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004) (citations omitted). "A federal habeas court must allow discovery and an evidentiary hearing only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief." *Id.* at 801-02 (citation omitted).

Garcia's first discovery motion is 57 pages long. The Government appropriately characterizes the discovery motions as "numerous and far-ranging" discovery requests. The Fifth Circuit has been explicit in holding that "a petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6. . . . Simply put, Rule 6 does not authorize fishing expeditions." *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir.), *cert. denied*, 531 U.S. 957 (2000). The Government correctly argues that Garcia has not presented specific allegations showing good cause for discovery. *See United States v. Fields*, 761 F.3d 443, 478-79 (5th Cir. 2014) (affirming denial of habeas discovery requests), *cert. denied*, 135 S. Ct. 2803 (2015).

Garcia's discovery motions will be denied as premature.  He may reurge his motions at the appropriate time, but discovery will be permitted only to the extent that his requests are specific and show good cause justifying discovery.  It is accordingly

**ORDERED** that Garcia's  First  Motion for Lave to Conduct Discovery (Dkt. #70), Motion for Exculpatory and Impeachment Information and Incorporated Memorandum (Dkt. #71), and Motion to Allow Retained experts to Rely On and Share Information from BOP Documents Previously Received by these Experts in Other Cases (Dkt. #73) are **DENIED**, subject to reconsideration once the answer and reply are filed.

**SIGNED this the 23rd day of January, 2017.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE