UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

EDGAR BALTAZAR GARCIA          )
MARK ISSAC SNARR,              )
        *Petitioner*,          )
                )          CASE NO. 1:13-CV-723
    v.          )
                )          CRIMINAL No. 1:09-CR-15
UNITED STATES OF AMERICA,      )
        *Respondent*.          )
                )

## UNOPPOSED JOINT MOTION FOR 90-DAY EXTENSION OF TIME FOR ALL FEDERAL RULE 15 AND REPLY DEADLINES IN RESPONSE TO THE GLOBAL PANDEMIC AND STATE OF EMERGENCY CAUSED BY COVID-19

**COME NOW** Petitioners, Mark Issac Snarr and Edgar Baltazar Garcia, by and through their undersigned counsel, and hereby submit this joint motion for a 90-day extension of all deadlines pursuant to any federal statute, rule of court, and briefing schedule due to the global pandemic caused by COVID-19. The Government does not oppose this motion. Under current deadlines, Garcia's deadline to amend his § 2255 pleadings pursuant to Fed. R. Civ. P. 15 is on or before September 15, 2020. ECF No. 122. The requested extension would move this deadline to on or before December 14, 2020. Garcia's current deadline to file a reply to the Government's response to the § 2255 motion is October 26, 2020. ECF No. 122. The requested extension would move this deadline to on or before January 24, 2021. Under current provisions, which Garcia agrees would continue to apply, granting the requested extension would not affect or waive the Government's right to object to any amendment(s) raised by Garcia in a Rule 15 pleading. ECF No. 122. Support for the motion is stated herein.

    1.      The Government's March 25, 2020 filings of its approximately 300-page Answers

1

have triggered for Mr. Garcia and Mr. Snarr a 21-day deadline for filing Rule 15(a)[1] amended pleading and a May 29, 2020 deadline for filing replies.[2] The effects of the global pandemic, however, have substantially impacted counsel's ability to work, and have prevented petitioners from meeting the current deadlines in any effective manner, and have required extensions of normal filing deadlines.

    a. Circumstances directly related to the pandemic continue to hamper Mr. Garcia's and Mr. Snarr's counsel's abilities to work, consult with their clients, and investigate these cases. Ms. Lehmann, counsel for Garcia, remains on parental leave as she has no available childcare for her six-year-old child. Jason Hawkins, Ms. Lehmann's co-counsel and the Federal Public Defender for the Northern District of Texas, remains largely consumed with attempting to manage his office's response to the Covid-19 crisis. Snarr's counsel Kathryn Nester is now mostly recovered from her weeks-long serious illness (presumptively Covid-19), and, like Mr. Hawkins, is working essentially full-time on her responsibilities as Executive Director managing the Federal Defenders of San Diego, Inc., substantially remotely and assuming multiple responsibilities regarding the federal criminal justice system's response to the pandemic. The office of Ms. Nester's co-counsel, Rob Lee, operates only remotely, and several staff members, including Lee, are restricted in their ability to collaborate and travel because they are at elevated risk under CDC guidelines.

---

[1] Federal Rule of Civil Procedure 15(a) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading"); *United States v. Zosimo Reyes Saenz*, 282 F.3d 354, 356 (5th Cir. 2002) (Rule 15 applies in § 2255 proceedings).

[2] *See Garcia*, 13-cv-723, ECF No. 105; *Snarr*, 13-cv-724, ECF No. 80.

2.     Legal visits with Mr. Garcia and Mr. Snarr are still not allowed by the U.S. Bureau of Prisons (BOP). Indeed, the BOP recently went on a temporary system-wide lockdown based not only on Covid-19 but due to the national unrest related to George Floyd's death. Undersigned counsel cannot file the amended 2255 motion and response without extensive confidential consultation with their clients.

3.     Finally, because of the ongoing danger posed by the novel coronavirus, the two legal teams are currently still unable to send investigators or mitigation specialists into the field to conduct interviews with witnesses necessary for the upcoming filings. And because many of the witness in these cases are, like Mr. Garcia and Mr. Snarr, in the custody of the BOP, institutional restrictions make confidential contact with these witnesses impossible.

**4.**     Extension of the deadlines established by Rule 15 and the current scheduling orders is requested for 90 days in order that the parties are able to adequately complete, and safely and effectively perform, duties required in their representation in these death penalty cases.

5.     In light of the heightened concern for procedural fairness and adequate scrutiny of any legal claims in capital cases, *Caldwell v. Mississippi*, 472 U.S. 320, 323, 341 (1985); *Monge v. California*, 524 U.S. 721, 732 (1998), the need to suspend the current deadlines is all the more pressing. The interests of the Government will not be adversely impacted by tolling these proceedings in this crisis; in fact, the Government does not oppose the request and granting the request is consistent with orders and recommendations of federal and state government and public health authorities.

6.     Fluctuations in the circumstances in which Snarr and Garcia and their counsel find themselves make it difficult to predict what developments lie ahead. But recent variations in circumstances have not allowed counsel to resume basic aspects of their representation. Counsel

will remain in contact with counsel for the Government as this unprecedented situation continues to unfold.

WHEREFORE, Mr. Garcia asks this Court to enter the unopposed order suspending and tolling current deadlines for all purposes, including deadlines set out by Rule 15 for 90 days.

Respectfully Submitted,

| | |
|---|---|
| */s/ Christine Lehmann*<br>Christine Lehmann<br>Louisiana Capital Assistance Center<br>636 Baronne Street<br>New Orleans, LA 70113<br>(504) 558-9867<br>(504) 558-0378 (fax)<br>Louisiana Bar #28122<br>*Counsel for Mr. Garcia*<br><br>/s/ *Jason D. Hawkins*<br>Jason D. Hawkins<br>Federal Public Defender<br>Northern District of Texas<br>525 South Griffin Street, Suite 629<br>Dallas, Texas 75202<br>(214) 767-2746<br>(214) 767-2886 (fax)<br>Texas Bar No. 00795763<br>*Counsel for Mr. Garcia* | */s/ Robert Lee*_____<br>Robert Lee<br>2421 Ivy Road, Suite 301<br>Charlottesville, Virginia 22903<br>(434) 817-2970<br>(434) 817-2972 (fax)<br>roblee@vcrrc.org<br>*Counsel for Mr. Snarr*<br><br>/s/ *Kathryn N. Nester*<br>Kathryn N. Nester<br>Federal Defenders of San Diego, Inc.<br>225 Broadway, Suite 900<br>San Diego, CA   92101<br>(619) 234-8467<br>(619) 687-2666 (fax)<br>Kathy_Nester@fd.org<br>*Counsel for Mr. Snarr* |

## CERTIFICATE OF SERVICE

This is to certify that, on this August 20, 2020, the above Motion was filed with the Court via the ECF electronic filing system. Counsel for the Government was served with a copy of this document through ECF.

*/s/ Robert Lee*_____
*Counsel for Mr. Snarr*

4

*/s/ Christine Lehmann_____*
*Counsel for Mr. Garcia*

## CERTIFICATE OF CONFERENCE

This is to certify that, prior to filing the above submission with the Court, counsel

conferred with counsel for the government regarding this submission in compliance with Local

Rule CV-7(h); the Government does not oppose this Motion.

*/s/ Robert Lee_____*
*Counsel for Mr. Snarr*

*/s/ Christine Lehmann_____*
*Counsel for Mr. Garcia*

5