UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

MARK ISSAC SNARR,                    )
EDGAR BALTAZAR GARCIA,               )
      *Petitioners*,               )
                                     )
    v.                            )        CASE NO. 1:13-CV-723
                                     )        CRIMINAL NO. 1:09-CR-15
UNITED STATES OF AMERICA,            )
      *Respondent*.               )
                                     )

**UNOPPOSED JOINT MOTION FOR 90-DAY EXTENSION OF TIME FOR ALL FEDERAL RULE 15 AND REPLY DEADLINES IN RESPONSE TO THE GLOBAL PANDEMIC AND STATE OF EMERGENCY CAUSED BY COVID-19**

**COME NOW** Petitioners, Edgar Baltazar Garcia (No. 1:13-CV-723) and Mark Issac Snarr (No. 1:13-CV-724), by and through their undersigned counsel, and submit joint motions for a 90-day extension of all deadlines pursuant to any federal statute, rule of court, and briefing schedule due to the global pandemic caused by COVID-19. Due to restrictions and limitations imposed in response to the coronavirus pandemic, the Government does not oppose these motions. Currently, Mr. Garcia's deadline to amend his § 2255 pleadings pursuant to Fed. R. Civ. P. 15 is on or before March 24, 2021. ECF No. 96. The requested extension would move this deadline to on or before Tuesday, June 22, 2021. Mr. Garcia's current deadline to file a reply to the Government's response to the § 2255 motion is May 4, 2021. ECF No. 96. The requested extension would move this deadline to on or before Monday, August 2, 2021. Under current provisions, which Mr. Garcia agrees would continue to apply, granting the requested extension would not affect or waive the Government's right to object to any amendment(s) raised by Mr. Garcia in a Rule 15 pleading. ECF No. 96. Support for the motion is stated herein.

1

1.    The Government's filings of its approximately 300-page Answers on March 25, 2020, triggered for Mr. Garcia and Mr. Snarr 21-day deadlines for filing Rule 15(a)[1] amended pleadings and May 29, 2020, deadlines for filing replies.[2] The effects of the global pandemic, however, have substantially impacted counsel's ability to work since that time, and have prevented petitioners from meeting the current deadlines in any effective manner, and required extensions of normal filing deadlines.

2.    Circumstances directly related to the pandemic continue to hamper Mr. Garcia's and Mr. Snarr's counsel's abilities to work, consult with their clients, and investigate these cases. As of February 22, 2021, more than 500,000 fatalities and nearly 28.2 million COVID-19 infections have been reported nationwide since January 2020.[3] Positivity rates where Mr. Snarr's and Mr. Garcia's counsel reside and work remain high—for example, in San Diego, California— the home of Mr. Snarr's counsel, Ms. Nester—Centers for Disease Control and Prevention (CDC) data showed a seven-day positivity rate of 10.26 % from February 13 to February 19, 2021,[4] and for Dallas, Texas—the home of Mr. Garcia's counsel Mr. Hawkins—CDC data showed a seven-day positivity rate of 11.4% during the same time period.[5]

3.    Limitations continue to hamper counsel's ability to work. In an unexpected development, on February 22, 2021, Ms. Nester was hospitalized with an infection and informed

---

[1] Federal Rule of Civil Procedure 15(a) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading"); *United States v. Zosimo Reyes Saenz*, 282 F.3d 354, 356 (5th Cir. 2002) (Rule 15 applies in § 2255 proceedings).

[2] *See* Garcia v. United States, 1:13-cv-723, ECF No. 105; Snarr v. United States, 1:13-cv-724, ECF No. 80.

[3] *Tracking    Covid-19    Cases    in    the    US,*    CNN,    Feb.    22,    2021, https://www.cnn.com/interactive/2020/health/coronavirus-us-maps-and-cases.

[4] *COVID Data Tracker*, Centers for Disease Control and Prevention https://covid.cdc.gov/covid-data-tracker/#county-view (last visited Feb. 22, 2021).

[5] *Id.*

she would be required to remain hospitalized for several days in order to properly treat the infection. Mr. Lee, Mr. Snarr's other counsel, had unexpected surgery on February 22, 2021, and also has been dealing with medical issues requiring surgery for two of his immediate family members in February 2021. Although none of these surgeries was prompted by the pandemic, direct involvement of immediate family members in post-op treatment was needed to follow quarantine protocols. Ms. Lehmann, previously having been required to quarantine, then to take full-time parental leave to care for her six-year-old child, currently has two children attending school partially virtually, from home. Staff members in Ms. Lehmann's office, including herself and other investigators and attorneys working on Mr. Garcia's case, are currently severely restricted in their ability to travel and meet with clients and witnesses due to office pandemic policies established after consultation with multiple epidemiologists. Her office has also been forced to deal with multiple disruptions as a result of quarantines caused by actual and suspected COVID cases among staff, as well as COVID exposures. Mr. Hawkins is fully occupied with management responsibilities as the Federal Public Defender for the Northern District of Texas in response to the COVID-19 crisis. Ms. Nester similarly has been working essentially full-time addressing management duties as the Executive Director of the Federal Defenders of San Diego, Inc., along with multiple responsibilities she has assumed in the federal criminal justice system's response to the pandemic. Ms. Nester—considered "at risk" under Center for Disease Control (CDC) guidelines—was previously subjected to a weeks-long serious illness including quarantining (presumptively COVID-19), though now has substantially recovered. The office directed by Ms. Nester's co-counsel, Mr. Lee, operates only remotely, and multiple staff members, including Mr. Lee, are restricted in their ability to collaborate and travel because they are at elevated risk under CDC guidelines. Although some vaccines have been administered in the areas

3

in which counsel reside, distribution is extremely limited and in some instances additionally delayed. No one on the legal teams has received a complete vaccination dose.

4.      The federal prison system in which all federal death row prisoners facing execution are incarcerated has itself seen a significant degree of COVID-19 transmission and infection. At United States Penitentiary ("USP") Terre Haute, in Terre Haute, Indiana, which houses Mr. Snarr and Mr. Garcia, there were 26 active COVID-19 cases among prisoners on February 22, 2021.[6] Between December 16 and December 20, 2021, 33 people on death row, or 70% of inmates, tested positive for COVID-19, requiring several weeks of quarantine and additional lock down restrictions.[7] According to public data viewed on February 22, 2021, 1,729 federal prisoners and 1,667 Federal Bureau of Prisons ("BOP") staff currently have active COVID-19 infections, and 45,853 inmates and 4,740 staff have recovered from the disease.[8] Thus far, 222 federal prisoners have died from COVID-19, as have four BOP staff.[9]

5.      Legal visits with Mr. Garcia and Mr. Snarr still are not workable under advisory guidelines and policy. Travel to USP Terre Haute by counsel would require exposures on at least two flights from two corresponding airports, in rental vehicles, and during overnight stays at hotels. Undersigned counsel cannot complete and file the amended § 2255 motions and replies without ongoing, confidential consultation with their clients.

---

[6] Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Feb. 22, 2021). Data derived from searching "Terre Haute USP" and reviewing active cases.
[7] Michael Tarm, Michael Balsamo, & Michael R. Sisak, *AP Analysis: Federal Executions Likely a COVID Superspreader*, U.S. News & World Report, Feb. 6, 2021, https://www.usnews.com/news/us/articles/2021-02-06/ap-analysis-federal-executions-likely-a-covid-superspreader.
[8] *See* Federal Bureau of Prisons, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Feb. 22, 2021).
[9] *Id.*

4

6.      A number of recent incidents have shown that, despite litigants' attempts to follow best practices, continuing in-person client visits and court proceedings carry a significant risk of exposure to COVID-19.[10]

7.      Because of the ongoing danger posed by the novel coronavirus, the two legal teams for Mr. Garcia and Mr. Snarr are currently still unable to send counsel, investigators, or mitigation specialists into the field to conduct interviews with witnesses necessary for the upcoming filings. Because many of the witness in these cases are, like Mr. Garcia and Mr. Snarr, in the custody of the BOP, institutional restrictions make confidential contact with these witnesses impossible. In some instances, counsel's travel also would be discouraged or prohibited because of conditions they might bring to the place they travel. For example, Charlottesville, Virginia, where Mr. Lee resides, was recently ranked sixth nationally among counties with the highest number of recent cases per resident.[11]

8.      Extension of the deadlines established by Rule 15 and the current scheduling orders is requested for an additional 90 days in order that the parties have a meaningful opportunity to adequately complete, and safely and effectively perform, duties required in their representation in these death penalty cases.

---

[10] After visiting their client, Lisa Montgomery, in Texas in October and November, both of her Tennessee-based attorneys tested positive for COVID-19. The lawyers had been working remotely, but the necessary round trips to visit their client "involved two plane flights, transit through two airports, hotel stays, and interaction with dozens of people including airline attendants, car rental employees, passengers, and prison guards." *See* Phil McCausland, *Lisa Montgomery, 1st woman to face federal execution in decades: lawyers have Covid, seek delay*, NBC News, Nov. 14, 2020, https://www.nbcnews.com/news/us-news/lisa-montgomery-1st-woman-face-federal-execution-decades-lawyers-have-n1247843.

[11] *Coronavirus in the U.S.: Latest Map and Case Count*, N.Y. Times, Feb. 23, 2021, https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html.

9.      In light of the heightened concern for procedural fairness and adequate scrutiny of any legal claims in capital cases, *Caldwell v. Mississippi*, 472 U.S. 320, 323, 341 (1985); *Monge v. California*, 524 U.S. 721, 732 (1998), the need to suspend the current deadlines is all the more pressing. The interests of the Government will not be adversely impacted by tolling these proceedings in this crisis; in fact, the Government does not oppose the request and granting the request is consistent with orders and recommendations of federal and state government and public health authorities.

10.      Fluctuations in the circumstances in which Mr. Snarr and Mr. Garcia and their counsel find themselves make it difficult to predict what developments lie ahead. But recent variations in circumstances have not allowed counsel to resume basic aspects of their representation. Counsel will remain in contact with counsel for the Government as circumstances continue to unfold.

11.      The requested extension also will facilitate Mr. Snarr's and Mr. Garcia's ongoing efforts to obtain documents and other information relevant to their claims, to which they are entitled.[12]

WHEREFORE, Mr. Garcia asks this Court to enter the unopposed order suspending and tolling current deadlines for all purposes, including deadlines set out by Rule 15 for an additional

---

[12] As described in a previous motion, ECF No. 95, Mr. Snarr and Mr. Garcia have been working jointly in aspects of the case that impact both petitioners, including efforts to obtain documentary evidence and information from federal agencies, including the Bureau of Prison (BOP) and Federal Bureau of Investigation (FBI), pursuant to the Freedom of Information Act, 5 U.S.C. § 552. Some of Mr. Snarr's and Mr. Garcia's requests, even though progressing through the review process, have been pending for years and counsel are in the midst of conferences with the Government concerning the production of this information. The Government previously has specified that, although it does not oppose the requested extension due to restrictions and limitations imposed by the coronavirus pandemic, this support does not include an agreement to an extension of time required to resolve FOIA requests and any related proceedings.

90 days.

Respectfully Submitted,

| | |
|---|---|
| */s/ Christine Lehmann*<br>Christine Lehmann<br>Louisiana Capital Assistance Center<br>636 Baronne Street<br>New Orleans, LA 70113<br>(504) 558-9867<br>(504) 558-0378 (fax)<br>Louisiana Bar #28122<br>*Counsel for Mr. Garcia*<br><br>/s/ *Jason D. Hawkins*<br>Jason D. Hawkins<br>Federal Public Defender<br>Northern District of Texas<br>525 South Griffin Street, Suite 629<br>Dallas, Texas 75202<br>(214) 767-2746<br>(214) 767-2886 (fax)<br>Texas Bar No. 00795763<br>*Counsel for Mr. Garcia* | */s/ Robert Lee*_____<br>Robert Lee<br>2421 Ivy Road, Suite 301<br>Charlottesville, Virginia 22903<br>(434) 817-2970<br>(434) 817-2972 (fax)<br>roblee@vcrrc.org<br>*Counsel for Mr. Snarr*<br><br>/s/ *Kathryn N. Nester*<br>Kathryn N. Nester<br>Federal Defenders of San Diego, Inc.<br>225 Broadway, Suite 900<br>San Diego, CA   92101<br>(619) 234-8467<br>(619) 687-2666 (fax)<br>Kathy_Nester@fd.org<br>*Counsel for Mr. Snarr* |

## CERTIFICATE OF SERVICE

This is to certify that, on this February 25, 2021, the above Motion was filed with the Court via the ECF electronic filing system. Counsel for the Government was served with a copy of this document through ECF.

*/s/ Kathryn Nester/Robert Lee*_____
*Counsel for Mr. Snarr*

*/s/ Christine Lehmann*_____
*Counsel for Mr. Garcia*

7

## CERTIFICATE OF CONFERENCE

This is to certify that, prior to filing the above submission with the Court, counsel conferred with counsel for the government regarding this submission in compliance with Local Rule CV-7(h); based on restrictions and limitations due to the coronavirus pandemic, the Government does not oppose this Motion.

*/s/ Kathryn Nester/Robert Lee*_____
*Counsel for Mr. Snarr*

*/s/ Christine Lehmann*_____
*Counsel for Mr. Garcia*