UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

EDGAR BALTAZAR GARCIA,              )
MARK ISSAC SNARR,                   )
     *Petitioners*,               )
                      )     CASE NO. 1:13-CV-00723
v.                                  )     CASE NO. 1:13-CV-00724
                      )     CRIMINAL NO. 1:09-CR-15
UNITED STATES OF AMERICA,           )
     *Respondent*.                )
                      )

## UNOPPOSED JOINT MOTION FOR 90-DAY EXTENSION OF TIME FOR ALL FEDERAL RULE 15 AND REPLY DEADLINES

**COME NOW** Petitioners, Edgar Baltazar Garcia (No. 1:13-CV-723) and Mark Issac Snarr (No. 1:13-CV-724), by and through their undersigned counsel, and submit joint unopposed motions for a 90-day extension of all deadlines pursuant to any federal statute, rule of court, and briefing schedule due to the substantial and extensive impact of the global pandemic caused by COVID-19 on their ability to properly and meaningfully prepare to meet these deadlines.

1.      Counsel has conferred with counsel for the Government and has been approved to represent that the Government does not oppose these motions. The Government's position is consistent with accepted practice nationally in response to persistent restrictions that have been imposed due to the pandemic.

2.      Currently, the deadline for Mr. Snarr and Mr. Garcia to amend their § 2255 pleadings pursuant to Fed. R. Civ. P. 15 is on or before June 22, 2021. ECF No. 98. The requested extension would move this deadline to on or before Monday, September 20, 2021.

1

Their current deadline to file a reply to the Government's response to the § 2255 motion is August 2, 2021. ECF No. 98. The requested 90-day extension would move this deadline to on or before Sunday, October 31, 2021, requiring the pleading to be filed on or before Monday, November 1, 2021. Under current provisions, which Mr. Snarr and Mr. Garcia agree would continue to apply, granting the requested extension would not affect or waive the Government's right to object to any amendment(s) raised by Mr. Snarr and/or Mr. Garcia in a Rule 15 pleading. ECF No. 98.

3.     The Government's filings of its approximately 300-page Answers on March 25, 2020, triggered time periods within which Mr. Garcia and Mr. Snarr are to file Rule 15(a)[1] amended pleadings and replies to the Answers.[2]  The effects of the global pandemic which were just beginning at that time substantially disabled counsel from conducting necessary and significant work on these pleadings. Conditions and restrictions continued to dramatically limit counsel's abilities for well over a year since the Answers were filed, and have required extensions of normal filing deadlines.

4.     In the past month, some guidance has been offered to relax or lift certain restrictions due to improvements in rates of virus infections and fatalities in certain areas. Vaccines with varying degrees of effectiveness have been administered to an estimated 37% of the population nationally. *C.D.C. Guidance Prompts Caution in Some States*, N. Y. TIMES (May 17, 2021) https://www.nytimes.com/live/2021/05/13/world/covid-vaccine-coronavirus-cases.

---

[1]  Federal Rule of Civil Procedure 15(a) ("A party may amend its pleading once as a matter of course within . . . 21 days after service of a responsive pleading"); *United States v. Zosimo Reyes Saenz*, 282 F.3d 354, 356 (5th Cir. 2002) (Rule 15 applies in § 2255 proceedings).

[2]  *See* Garcia v. United States, 1:13-cv-723, ECF No. 105; Snarr v. United States, 1:13-cv-724, ECF No. 80.

However, extreme and emergency conditions still exist in certain areas of the United States, *see, e.g.*, South Carolina Governor's Executive Order 2021-22 (May 7, 2021) https:fmcsa.dot.gov/emergency/south-carolina-executive-order-2021-22-state-emergency (calling for implementation of "narrowly tailored extraordinary measures to . . . respond to . . . evolving public health threats posed by the COVID-19 pandemic"), and the World, *see, e.g.*, *As COVID-19 rages in India, scientist warns further waves 'inevitable'*, REUTERS (May 5, 2021) https://www.reuters.com/world/india/india-posts-record-daily-rise-coronavirus-deaths-2021-05-05/. Despite signs of improvement in the data, circumstances directly related to the pandemic for the past several months have hampered and continue to hamper Mr. Garcia's and Mr. Snarr's counsel's abilities to work, consult with their clients, and investigate these cases. Mr. Snarr's and Mr. Garcia's counsel have only recently become fully vaccinated.

5.    As mentioned previously, Ms. Nester was hospitalized with an infection and informed she would be required to remain hospitalized for several days in order to properly treat the infection. Ms. Nester has since been working essentially full-time addressing management duties as the Executive Director of the Federal Defenders of San Diego, Inc., and continues to address the multiple responsibilities assigned to her as part of the federal criminal justice system's response to the pandemic. Ms. Nester—considered "at risk" under Center for Disease Control (CDC) guidelines—was previously subjected to a weeks-long serious illness requiring quarantining (presumptively COVID-19). In addition to pandemic restrictions, co-counsel Mr. Lee's family has faced multiple medical issues that have unexpectedly occupied his time, including surgery to address his daughter's fractured spine, and knee replacement surgeries for his wife, one which took place on May 11, 2021, and a second scheduled for June

21, 2021. Mr. Lee also had a client with a May 14, 2021, execution date. This date was temporarily stayed on May 4, but could be re-scheduled at any time for three to four weeks later, making an execution the week of June 14 or June 21 a possibility. Finally, on April 19, 2021, Mr. Lee was informed that, although the petitioner and the State had conferred and agreed the parties needed until approximately October to prepare for a two-week evidentiary hearing in another case, the federal district court determined the hearing would begin June 21, 2021. Mr. Lee operates only remotely, and multiple staff members, including Mr. Lee, are restricted in their ability to collaborate and travel because they remain at elevated risk under CDC guidelines. As a result of this schedule and restrictions, Mr. Lee has no time or ability to conduct the kind of review and investigation that would be required to prepare the pleadings affected by this motion.

6.      In the preceding months, Ms. Lehmann, was required to quarantine, then to take full-time parental leave to care for her six-year-old child. She currently has two children attending school partially virtually, from home. Staff members in Ms. Lehmann's office, including herself and other investigators and attorneys working on Mr. Garcia's case, remain restricted in their ability to travel and meet with clients and witnesses due to office pandemic policies established after consultation with multiple epidemiologists. Her office has dealt with interruptions due to quarantines caused by actual and suspected COVID cases among staff, as well as COVID exposures. As he has for the past year, Mr. Hawkins remains fully occupied with management responsibilities as the Federal Public Defender for the Northern District of Texas as that office, the government, and the courts in his district respond to developments in the COVID-19 crisis.

7.      In addition, counsel has so far been unable to arrange adequate legal visits with Mr. Garcia and Mr. Snarr under advisory guidelines and policy. Counsel have not been able to schedule visits of sufficient length at times that fit into counsels' schedules, and that provide access to clients to effectively review materials and information relevant to pending pleadings. Travel to USP Terre Haute by counsel would require at a minimum exposures on at least two flights from two corresponding airports, through the use of rental vehicles, and during overnight stays at hotels. Undersigned counsel cannot complete and file the amended § 2255 motions and replies without direct, ongoing, and confidential consultations with their clients.

8.      Because of the ongoing dangers and restrictions posed by the COVID-19 virus, the two legal teams for Mr. Garcia and Mr. Snarr are currently still unable to send counsel, investigators, or mitigation specialists into the field to conduct interviews with witnesses necessary for the upcoming filings. Many of the witness in these cases are, like Mr. Garcia and Mr. Snarr, in the custody of the BOP, and institutional restrictions designed to ensure the health and safety of those at the facilities, as well as visitors, have made confidential contact with these witnesses impossible. As noted above, there are signs that the dangers and risks due to COVID-19 are being reduced in some areas. But recent variations in circumstances still have not allowed counsel to resume basic aspects of their representation, including investigation and confidential consultation. Although counsel is hopeful that the risks of infection from the coronavirus will continue to be reduced, and that circumstances in which tolerable risks of infection may exist will grow, safe conditions are not yet broadly established to enable an adequate investigation and review required for the pending pleadings. Counsel will remain in contact with counsel for the Government as circumstances continue to unfold.

9.      Extension of the deadlines established by Rule 15 and the current scheduling orders is requested for an additional 90 days in order to provide the parties time within which they could have a meaningful opportunity to adequately complete, and safely and effectively perform, duties required in their representation in these death penalty cases.

10.     In light of the heightened concern for procedural fairness and adequate scrutiny of any legal claims in capital cases, *Caldwell v. Mississippi*, 472 U.S. 320, 323, 341 (1985); *Monge v. California*, 524 U.S. 721, 732 (1998), the need to suspend the current deadlines is all the more pressing. The interests of the Government will not be adversely impacted by tolling these proceedings in this crisis; in fact, the Government does not oppose the request and granting the request is consistent with orders and recommendations of federal and state government and public health authorities.

11.     The requested extension also will facilitate Mr. Snarr's and Mr. Garcia's ongoing efforts to obtain documents and other information relevant to their claims, to which they are entitled, and will not impair the ability of the Government to respond to these claims nor the Court's ability to fairly address them.[3]

WHEREFORE, Mr. Snarr and Mr. Garcia ask this Court to enter the unopposed order

---

[3] As described in previous motions, *see, e.g.*, ECF No. 95, Mr. Snarr and Mr. Garcia have been working jointly in aspects of the case that impact both petitioners, including efforts to obtain documentary evidence and information from federal agencies, including the Bureau of Prisons (BOP) and Federal Bureau of Investigation (FBI), pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Some of Mr. Snarr's and Mr. Garcia's requests, even though progressing through the review process, have been pending for years and counsel are in the midst of conferences with the Government concerning the production of this information. The Government previously has specified that, although it does not oppose the requested extension due to restrictions and limitations imposed by the coronavirus pandemic, this support does not include an agreement to an extension of time required to resolve FOIA requests and any related proceedings.

suspending and tolling current deadlines for all purposes, including deadlines set out by Rule

15 for an additional 90 days.

Respectfully Submitted,

| | |
|---|---|
| */s/ Christine Lehmann* <br> Christine Lehmann <br> Louisiana Capital Assistance Center <br> 636 Baronne Street <br> New Orleans, LA 70113 <br> (504) 558-9867 <br> (504) 558-0378 (fax) <br> Louisiana Bar #28122 <br> *Counsel for Mr. Garcia* <br><br> /s/ *Jason D. Hawkins* <br> Jason D. Hawkins <br> Federal Public Defender <br> Northern District of Texas <br> 525 South Griffin Street, Suite 629 <br> Dallas, Texas 75202 <br> (214) 767-2746 <br> (214) 767-2886 (fax) <br> Texas Bar No. 00795763 <br> *Counsel for Mr. Garcia* | */s/ Robert Lee_____* <br> Robert Lee <br> 2421 Ivy Road, Suite 301 <br> Charlottesville, Virginia 22903 <br> (434) 817-2970 <br> (434) 817-2972 (fax) <br> roblee@vcrrc.org <br> *Counsel for Mr. Snarr* <br><br> /s/ *Kathryn N. Nester* <br> Kathryn N. Nester <br> Federal Defenders of San Diego, Inc. <br> 225 Broadway, Suite 900 <br> San Diego, CA   92101 <br> (619) 234-8467 <br> (619) 687-2666 (fax) <br> Kathy_Nester@fd.org <br> *Counsel for Mr. Snarr* |

## CERTIFICATE OF SERVICE

This is to certify that, on this May 18, 2021, the above Motion was filed with the Court via the ECF electronic filing system. Counsel for the Government was served with a copy of this document through ECF.

*/s/ Kathryn Nester/Robert Lee_____*
*Counsel for Mr. Snarr*


*/s/ Christine Lehmann_____*
*Counsel for Mr. Garcia*


## CERTIFICATE OF CONFERENCE

This is to certify that, prior to filing the above submission with the Court, counsel conferred with counsel for the government regarding this submission in compliance with Local Rule CV-7(h); based on restrictions and limitations due to the coronavirus pandemic, the Government does not oppose this Motion.

*/s/ Kathryn Nester/Robert Lee_____*
*Counsel for Mr. Snarr*

*/s/ Christine Lehmann_____*
*Counsel for Mr. Garcia*

8