UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

EDGAR GARCIA,                        )
         Petitioner,                 )
                             )
      v.                           )      CASE NO. 1:13-CV-723
                             )      CRIMINAL NO. 1:09-CR-15
UNITED STATES OF AMERICA,            )
         Respondent.                 )

**EMERGENCY UNOPPOSED MOTION TO EXTEND TIME TO FILE REPLY**

**COMES NOW** Edgar Garcia, through his undersigned counsel, and respectfully moves the Court to grant an extension of time to file his Reply to the Government's Amended Response, in order to re-synchronize deadlines with co-defendant Mark Issac Snarr, and to provide him sufficient time to complete ongoing joint work with Mr. Snarr's team.

On November 19, 2021, Mr. Garcia filed his Amended 2255 Motion. (Docket No. 136). On February 23, 2022, the Government filed its Amended Response to the Amended 2255 Motion (Docket No. 146). An initial deadline of April 9, 2022 for Mr. Garcia's Reply to the Government's Amended Response was extended to June 8, 2022, due to undersigned counsel's trial schedule in another federal case. (Docket No. 151). The order granting that extension noted that "[n]o further extensions will be considered, except for good cause."

Co-defendant Mark Issac Snarr's current deadline for his Reply to the Government's Amended Response is July 13, 2022. From the beginning of these habeas cases, the two sets of counsel have worked together and shared both attorney and investigative resources, including experts, on similar claims in order to minimize government expenditures. This shared use of resources to avoid unnecessary duplication is built into the case budgeting.  The two sets of counsel are endeavoring to continue to share resources in relation to the drafting of the Replies, including

the researching and drafting of legal responses re near identical claims and the acquiring of relevant declarations from witnesses in response to similar arguments raised in the Government's Amended Answers, including at least one expert whose evidence is relevant to both anticipated Replies. However, this sharing of resources has been disrupted by the two cases falling out of sync. At present, the Garcia team must take on the bulk of the work, without the true benefit of the shared resources and distribution of work. At the same time, the Snarr team must work towards its own separate deadline and either duplicate the work the Garcia team is performing or obtain and reap the benefits of the work of the Garcia team and then further develop or expand that work product in a way that Garcia will not be able to do.

Instead of working in parallel, as anticipated in the case planning and budgeting, the two teams are now working more sequentially, which reduces the resources available at any particular stage of the work for Garcia and is ultimately less efficient and less fair.

Above and beyond the good cause to resync the filing deadlines of the co-defendants, the Garcia team requires additional time in order to complete the work required to draft and submit the Reply. The motion and Answer are both lengthy and complex documents, which itself presents a challenge and requires more than the usual amount of time to develop a Reply. Within the Answer the government has made a number of assertions or statements about claims being barred by procedural default or relitigation bars. If the government's position is accepted then these claims would be eliminated from merits consideration, even where on merits review they present a strong claim for relief. As a result, care must be taken in analyzing and responding to these default arguments. The government also makes a number of detailed assertions about the state of the evidence in the record, which requires careful review to place the passages cited by the government in correct context. Finally, the government makes a number of assertions about the

effect, value or utility of various pieces of evidence raised in the motion.  These assertions lend themselves to a fact-based response in order to present an evidence-based showing that the government's arguments are not meritorious.  As a result, counsel has been gathering factual information, speaking to experts and arranging for declarations and supporting material in order to effectively reply to the government's assertions.  This process is labor intensive and relies heavily upon the availability of appropriately knowledgeable or qualified declarants. While counsel has made significant strides in developing the material necessary for the reply, considerable work remains and counsel does not believe that it can be completed by the current deadline.  For example, one prospective declarant is not available to speak until the middle of next week.  Another is yet to receive authorization to share important underlying data with counsel that will then form the basis of a declaration for use in the Reply.

Even if this court did not find good cause in the synchronization of the schedules of the two teams to allow for reduced cost and increased efficiency, it is submitted that good cause is shown by the nature and volume of the work remaining to be completed, despite counsel's efforts.

Undersigned counsel have consulted with the Government, and the Government does not oppose this request.

It is submitted that the requested extension will not likely cause delay in the case, as the co-defendants' motions will almost certainly be considered simultaneously.

### Conclusion

For the foregoing reasons, Garcia respectfully requests an extension of his current deadline for the filing of his Reply, to July 13, 2022 in order to synchronize with the co-defendant's filing deadline, or in the alternative, extend the current filing deadline to June 24, 2022 in order to allow counsel sufficient time to complete the work necessary for the development and filing of the Reply.

DATED this 27 day of May 2022.

RESPECTFULLY SUBMITTED,

_____/s/Christine Lehmann_____
Christine Lehmann
Louisiana Capital Assistance Center
636 Baronne Street
New Orleans, LA 70113
(504) 558-9867
(504) 558-0378 (fax)
Louisiana Bar #28122
clehmann@thejusticecenter.org

Jason D. Hawkins
Federal Public Defender
Northern District of Texas
525 South Griffin Street, Suite 629
Dallas, Texas 75202
(214) 767-2746
(214) 767-2886 (fax)
Texas Bar No. 00795763

**CERTIFICATE OF SERVICE**

This is to certify that, on this May 27, 2022, the above Motion was filed with the Court via the ECF electronic filing system. Counsel for the Government was served with a copy of this document through ECF.

_____/s/ Christine Lehmann_____

**CERTIFICATE OF CONFERENCE**

This is to certify that, prior to filing the above submission with the Court, counsel conferred with counsel for the Government regarding this submission in compliance with Local Rule CV-7(h), and they have no opposition to this motion.

_____/s/ Christine Lehmann_____