**Appendix E**

## PLAN FOR THE RANDOM SELECTION OF JURORS

### U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS

as amended March 26, 2009

Pursuant to the Jury Selection and Service Act of 1968, as amended, 28 U.S.C. § 1861 et seq.("the Act"), the following Plan for the Random Selection of Jurors is adopted by this Court superseding the plan now in effect, subject to approval of this Plan by a reviewing panel of members of the Fifth Judicial Circuit Council and to such rules and regulations as may be adopted from time to time by the Judicial Conference of the United States.

1

028651

Section 1.    Declaration of Policy
Section 2.    Application of Plan
Section 3.    Management and Supervision of Jury Selection Process
Section 4.    Source of Names of Prospective Jurors
Section 5.    Selecting of Names of Prospective Jurors from Source Lists
Section 6.    Master Jury Wheels
Section 7.    Qualification for Service
      a.    Disqualified for Jury Service
      b.    Exemptions from Jury Service (Barred from Service)
      c.    Excuses from Jury Service
      d.    Individual Excuses from Jury Service
      e.    Jurors Excluded by the Court
Section 8.    Qualified Jury Wheel
Section 9.    Drawing of Names from Qualified Wheels; The Issuance of Summonses; and Disclosure of Names
      a.    Drawing of Names
      b.    Issuance of Summonses
      c.    Petit Jury Panels
      d.    Grand Jury Panels
      e.    Disclosure of Names
Section 10.    Definitions and General Provisions

\* \* \* \* \*

## Section 1.  Declaration of Policy

It is the policy of this Court that all litigants in this Court entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes.  It is further the policy of this Court that all citizens shall have the opportunity to be considered for service on grand and petit juries and shall have an obligation to serve as jurors when summoned for that purpose.

No citizen shall be excluded from service as a grand or petit juror in this Court on account of race, color, religion, sex, national origin, or economic status.

## Section 2.  Application of Plan

The Eastern District of Texas is hereby divided for jury selection purposes into six jury divisions.  Each county within the District is included in one of the following jury divisions:

Beaumont Division:    Hardin, Jasper, Jefferson, Liberty, Newton and Orange Counties.

Marshall Division:    Camp, Cass, Harrison, Marion, Morris and Upshur Counties.

Sherman Division:    Delta, Fannin, Hopkins, Lamar, Collin, Cooke, Denton and Grayson Counties.

2

028652

Texarkana Division:   Red River, Bowie, Franklin and Titus Counties.

Tyler Division:       Anderson, Cherokee, Gregg, Henderson, Panola, Rains, Rusk, Smith, Van Zandt and Wood Counties.

Lufkin Division:      Angelina, Houston, Nacogdoches, Polk, Sabine, San Augustine, Shelby, Trinity and Tyler Counties.

Section 3.  Management and Supervision of Jury Selection Process

The clerk of the court shall manage the jury selection process. The clerk shall act under the supervision and control of the judges of this district.

This district, by adoption of this plan, has elected to operate the jury selection process under a fully automated, electronic data processing system.

Section 4.  Source of Names of Prospective Jurors

Texas law provides for a statutory registration of voters of the age of 18 years and upwards, which is uniform in all of the counties. Voter registration lists represent a fair cross section of the community in the Eastern District of Texas. Accordingly, the names of all grand and petit jurors serving on or after the time provided in this plan shall be selected at random from the Master Registration Lists maintained by the Secretary of the State of Texas of all persons registered to vote in the most recent federal general election held every two years.

The court finds that it is not necessary in this district to prescribe some other source or sources of names in addition to the official lists of registered voters in order to foster the policy and protect the rights secured by the provisions of the Act.

Section 5.       Selecting of Names of Prospective Jurors from Source Lists

For each jury division, names of prospective jurors shall be determined by the following procedure. The voter registration lists shall be arranged numerically by voter certificate number within the county and the counties shall be arranged alphabetically to form one continuous list of names for each division. Each name shall then be numbered consecutively to form a Master Source List.

Random selections from the Master Source Lists may be made using a computer-generated random selection process to select the required number of names from the Master Source List in order to insure that (a), any group of names chosen will represent, in substantially correct proportions, the names on all voter registration lists of all counties comprising the master jury wheel; (b), that the mathematical odds of any single name being picked are substantially equal, and (c), that the possibility of human discretion or choice affecting the selection of any individual's name is eliminated.

Section 6.       Master Jury Wheels

The clerk or any other person authorized by the court shall establish and maintain one

3

Master Jury Wheel for each jury division. The physical form of records on which names for the Master Jury Wheel are kept may include such electronic data storage devices as magnetic tapes or magnetic disk files. The Master Jury Wheel shall contain the names, or numbers corresponding to names on file, of those persons selected at random for prospective jury duty.

The minimum number of names, or numbers corresponding to names, to be placed in each Master Jury Wheel shall be at least one thousand. The clerk shall insure that at all times a sufficient number of names are contained in each of the wheels so that grand and petit jury panels may be drawn at any time required by the court. Such additional names shall be selected at random from voter registration lists in compliance with the Act and this Plan.

Each master jury wheel shall be emptied and refilled every two years, immediately following federal general elections and as soon as complete and current voter registration lists are available from the Secretary of the State of Texas following such federal general elections. The emptying (removal) of unused names in the wheels shall be accomplished by July 1 unless the court should find it necessary to authorize the clerk to extend that time.

As required by the Judicial Conference of the United States, a report shall be prepared after each periodic refilling of each master jury wheel giving general data relating to the master jury wheel with an analysis of race and sex of prospective jurors based on juror qualification forms returned during the qualifying process. Such report shall not be made until six months after summoning the first panels from the jury wheels in order to provide sufficient data to complete the analysis. For the purposes of determining proportional representation in the master jury wheels, data from the most recent Bureau of Census information shall be used for comparisons. The clerk shall have the capacity to prepare an alphabetical list of the names drawn, which list shall not be disclosed to any person except pursuant to this Plan and the Act.

Upon completion of the random selection of names for the divisions' master jury wheels, the individual(s) who performed the task of randomly selecting the names pursuant to this Plan shall prepare and execute a certificate detailing their procedures and reporting on the performance and completion of the assignment and transmit the same promptly to the chief judge of the district.

A general notice shall be posted in the clerk's office and on the court's website that explains the process by which names for jury wheels are randomly and periodically drawn.

Section 7.    Qualification for Service

Any judge of this district shall determine whether a person is disqualified, exempt, excused, or excluded from inclusion on a jury panel or from service as a juror while presiding over his or her docket. The clerk and other authorized deputy clerks of this court in the management of the jury selection process and by compliance with the criteria set out below in this Plan shall determine at the time the qualified wheels are being established whether a person is disqualified, exempt, or excused from inclusion on the qualified wheels. Such determinations shall be made on the basis of information provided on the juror qualification form and other competent information.

Whenever a person is disqualified, excused, exempt, or excluded from jury service, the

4

clerk shall note in the space provided on the juror qualification form the specific reason therefor. If a person did not appear in response to a summons, such fact shall be noted on the juror list.

a.  Disqualified for Service

Any person shall be deemed qualified to serve on grand and petit juries in this district court unless he or she--

    (1)    is not a citizen of the United States;

    (2)    is unable to read, write, and understand the English language with a degree of proficiency sufficient to fill out satisfactorily the juror qualification form;

    (3)    is unable to speak the English language;

    (4)    is incapable, by reason of mental or physical infirmity, to render satisfactory jury service;

    (5)    has a charge pending against him or her, or has been convicted in a State or Federal court of record of a crime punishable by imprisonment for more than one year and his or her civil rights have not been restored;

    (6)    is under eighteen years of age; or

    (7)    has not been a resident of the judicial district for at least a year.

b.  Exemptions from Jury Service (Barred from Service)

Under the provisions of 28 U.S.C. § 1863 (b)(6), the court hereby finds that exemption of the following groups of persons is in the public interest and would not be inconsistent with 28 U.S.C. §§ 1861 and 1862. Accordingly, members of the following groups are barred from jury service:

    (1)    members in active service in the Armed Forces of the United States;

    (2)    members of the fire or police departments of any State, district, territory, possession, or subdivision thereof;

    (3)    public officers in the executive, legislative, or judicial branches of the Government of the United States, or any State, district, territory, or possession or subdivision thereof, who are actively engaged in the performance of official duties. "Public officer" shall mean a person who is either elected to a public office or who is directly appointed by a person elected to public office.

c.  Excuses from Jury Service

This district court, pursuant to 28 U.S.C. § 1863 and by adoption of this Plan, finds that

028655

the following persons must be excused from jury service upon individual request:

(1)    A person who is over 70 years of age;

(2)    A person who has served in federal court as a grand or petit juror within the last two years (see 28 U.S.C. § 1866(e));

(3)    A person who serves as a volunteer (without compensation) in an official capacity as a firefighter or a member of a rescue squad or ambulance crew for a public agency. A "public agency" for this purpose means the United States, any State of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, Guam, American Samoa, or other territory of the United States, or any unit of local government, department, or instrumentality of any of the foregoing; and

(4)    A full-time student in a secondary school, college, university or technical school.

d.    <u>Individual Excuse from Jury Service</u>

In addition to the members of classes or groups subject to excuse from jury service, any person summoned for jury service may be excused from service during the session for which the juror was summoned by the judge presiding over his or her respective docket or by the clerk based upon a showing of undue hardship or extreme inconvenience.

*not mandatory*

The names of those jurors who have been excused from a panel for hardship or extreme inconvenience reasons will be put back in the qualified jury wheel where they will be subject to subsequent random selection, unless the court should rule otherwise at the time of granting the excuse.

e.    <u>Jurors Excluded by the Court</u>

Pursuant to the provisions of 28 U.S.C. § 1866 , any juror who has been summoned for jury service may be excluded by the judge in open court upon the following grounds:

(1)    that such person may be unable to render impartial jury service or that his or her service as a juror would be likely to disrupt the proceedings; or

(2)    excluded upon peremptory challenge as provided by law; or

(3)    excluded pursuant to the procedure specified by law upon a challenge by any party for good cause shown; or

(4)    excluded upon determination by the court that his or her service as a juror would be likely to threaten the secrecy of the proceedings, or otherwise adversely affect the integrity of jury deliberations.

Any person excluded from a particular jury under clause (1), (2), or (3) of this section

6

shall be eligible to sit on another jury if the basis for the person's initial exclusion would not be relevant to the person's ability to serve on such other jury.

Section 8.  Qualified Jury Wheel

The clerk shall maintain or cause to be maintained a separate qualified jury wheel for each jury division in the district, and shall place in such wheels the names of all persons drawn from the Master Jury Wheel of the relevant jury division who are found not disqualified, exempt, or excused pursuant to this Plan.  The clerk shall insure that at all times a sufficient number of names are contained in each of such wheels so that grand and petit jury panels may be drawn at any time required by the court.

Each time a jury division's master wheel is refilled, the qualified wheel then in use shall be emptied as soon as the process of qualifying jurors from the new Master Wheel has produced a sufficient number of qualified jurors to begin supplying the court's needs.  The emptying (removal) of unused names in the qualified wheels shall be accomplished by July 1 unless the court should find it necessary to authorize the clerk to extend that time.

Section 9.    Drawing of Names from Qualified Jury Wheels; The Issuance of Summonses; and Disclosure of Names

a.    Drawing of Names

As and when jurors are required by the court the clerk shall draw at random from the qualified jury wheel of the relevant jury division(s), the required number of names to serve on a petit or grand jury panel.  Each name as it is drawn shall be counted in sequence, starting with number one, until the number of names required to fill the panel are drawn.  These names shall then be arranged alphabetically on a list.  The list may be printed or retained on a computer for future use.  Each list shall also include the person's number, mailing address, and county.  Such a list shall be prepared for each jury panel.

b.    Issuance of Summonses

The clerk shall cause to be mailed to every person whose name is drawn from the master jury wheel a juror qualification form accompanied by instructions to fill out and return the form duly signed and sworn, to the clerk by mail        within ten days.  Procedures as set forth in the    section 1864, shall be followed in securing returns of the completed questionnaire.

Each person drawn for jury service will be served a summons by first-class mail addressed to such person at his or her usual residence or business address.

c.    Petit Jury Panels

Names of all petit jurors drawn to fill a panel as provided in this Plan who are not disqualified, excluded, exempt or excused and who report for jury duty at a session of court, shall be randomly selected by the clerk for each jury case tried during the session as directed by the court.

028657

When there is an unanticipated shortage of available petit jurors drawn from the qualified jury wheel, the court may require the marshal to summon a sufficient number of petit jurors selected at random from the voter registration lists in a manner ordered by the court consistent with sections 1861 and 1862 of the Act.

d.    Grand Jury Panels

There will ordinarily be three grand juries sitting in the Eastern District of Texas; the Beaumont grand jury ordinarily hears cases arising from the counties of Hardin, Jasper, Jefferson, Liberty, Newton, Orange, Polk, Sabine, San Augustine, Trinity, and Tyler counties; the Sherman grand jury ordinarily hears cases arising from the counties of Collin, Cook, Delta, Denton, Fannin, Grayson, Hopkins, Lamar and Red River counties; and the Tyler grand jury ordinarily hears cases arising from the remaining counties of the district. When a particular grand jury is not in session but one of the other grand juries is, the court may direct that business which would normally come before the grand jury not in session will be handled by a grand jury currently in session. In the interest of achieving administrative economies, the court may at any time direct that one grand jury panel comprised of jurors drawn from the qualified jury wheel of only one jury division shall serve the entire judicial district.

The clerk, upon court order, will assemble a grand jury panel by randomly drawing or causing to be drawn, names from the appropriate qualified wheel(s) for a grand jury. The same selection process as outlined above for petit jury panels shall be used for grand jury panels. When a grand jury panel is drawn from the qualified wheels of more than one jury division, names shall be drawn in a proportionately appropriate number depending on the number of names of registered voters on the source list when the wheels were first filled. No list shall contain less than three names from each appropriate division.

When there is an unanticipated shortage of available grand jurors drawn from the qualified jury wheel(s), the court may require the marshal to summon a sufficient number of grand jurors selected at random from the voter registration lists in a manner ordered by the court consistent with sections 1861 and 1862 of the Act.

e.    Disclosure of Names

The lists of all names drawn from any qualified wheel to fill a petit or grand jury panel shall not be disclosed and made available to parties and the public until jurors have been summoned, have responded, and have been found to be qualified and available to serve based on information secured from the qualification form sent with the summonses.

(1)    Disclosure of Petit Jury Lists.  The lists of names of prospective petit jurors shall be disclosed only by the Courtroom Deputy at the time of voir dire proceedings, and not prior to that time. All such lists shall be returned to the Courtroom Deputy at the conclusion of such voir dire proceedings. These restrictions shall not limit the authority of the Chief Judge of this District, or any judicial officer of this District while presiding over his or her respective docket, to release any such list of names at an earlier time where such earlier release is consistent with this Plan or other pertinent statute.

(2)    Grand Jury Panels. The list of names of persons summoned to any court in this

8

District for prospective grand juror service shall remain confidential. The names of persons chosen to serve as grand jurors in this District shall remain confidential in the interest of justice until otherwise ordered by the Court 28 U.S.C. § 1863(b)(7).

(3)    <u>Disclosure of Juror Information to the Media and the Public.</u>  A request for disclosure of juror names to the media or public may be made of the judge to whom the case is assigned in accordance with the above provisions relating to the timing of the release of juror information. The clerk shall not release juror names to the media or public unless specifically authorized by the assigned judge.

<u>Section 10.</u>    <u>Definitions and General Provisions</u>

There is incorporated herein by reference as an integral portion of this Plan, the provisions of Sections 1861 to 1871, both inclusive, and Section 1878 of Title 28, United States Code, together with all amendments of said sections which may hereafter be made, and all laws hereafter enacted related to grand petit juries, and trial by jury in the United States.

028659