UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| EDGAR GARCIA, | ) | |
|        Petitioner | ) | Case No. 1:13-CV-723 |
| v. | ) | Criminal No. 1:09-CR-15 |
| | ) | |
| UNITED STATES OF AMERICA | ) | Judge Marcia A. Crone |
|        Respondent | ) | |

**PETITIONERS' JOINT MOTION AND INCORPORATED MEMORANDUM FOR
LEAVE TO CONDUCT DISCOVERY REGARDING RECUSAL**

Mr. Garcia, through counsel, requests leave to conduct discovery pursuant to Rule 6 of the Rules Governing § 2255 Proceedings for the United States District Courts ("§ 2255 Rules") as relevant to his simultaneously filed motion for recusal of Judge Crone. Mr. Garcia has established good cause for his requests, in that he has shown that if the facts are developed as requested, he may be able to demonstrate that he is entitled to the relief sought. *See Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (*quoting Harris v. Nelson*, 394 U.S. 286, 299 (1969)); *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000). Mr. Garcia moves that this Court authorize discovery as described in this motion.

## MEMORANDUM OF LAW

### I.    Procedural Background

Mr. Garcia was tried, convicted and ultimately sentenced to death in May 2010 following a trial before a jury in the Beaumont Division of the Eastern District of Texas. On February 24, 2015, Mr. Garcia filed his 2255 Motion (ECF 31), and on February 25, 2022, Mr. Garcia filed his Corrected Amended 2255 Motion (ECF 148). The State's Amended Answer was filed on February 23, 2022 (ECF 146) and the Movant's Reply was filed on June 30, 2022 (ECF 158).

1

In Claim XIII of his 2255 Motion, Mr. Garcia has alleged that the wheel and venire in his case were selected in violation of the Eastern District Jury Plan, the Jury Selection and Service Act and the Fair Cross-Section Guarantee.

Simultaneously with the filing of this discovery motion, Mr. Garcia has moved to recuse Judge Crone on the basis that a reasonable observer would harbor doubts about Judge Crone's ability to preside over the claim impartially, in particular having regard to:

- Judge Crone's intimate involvement in the assembly of the venire; and,

- the need for the presiding judge to make factual determinations and credibility assessments regarding the actions and intentions of court staff.

## II.    Standard Governing Discovery in Section 2255 Proceedings

Rule 6 of the § 2255 Rules governs Mr. Garcia's discovery requests. This rule is consistent with the United States Supreme Court's decision in *Harris v. Nelson*,[1] which held that "where specific allegations before the court show reason to believe that the movant may, if the facts are fully developed, be able to demonstrate that he is confined illegally and therefore is entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." 394 U.S. 286, 300 (1969). These necessary procedures include "discovery procedures… reasonably fashioned to elicit facts necessary to help the court to 'dispose of the matter as law and justice require.'" *Id.* at 290 (quoting 28 U.S.C. § 2243).

Rule 6 states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the

---

[1] *See Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) (Habeas Corpus Rule 6 is meant to be "consistent" with *Harris*); Rules Governing Section 2254 Cases in the United States District Courts, Advisory Committee Note to Rule 6 ("Subdivision (a) is consistent with *Harris v. Nelson*.")

practices and principles of law." § 2255 Rule 6(a).[2] Good cause pursuant to Rule 6 will be established whenever "specific allegations before the court show reason to believe that the movant may, if the facts are fully developed, be able to demonstrate that he is… entitled to relief." *Bracy*, 520 U.S. at 908-09 (*quoting Harris*, 394 U.S. at 299); *see also Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir. 2000) (duty to order discovery if claims are specific, not merely speculative or conclusory).

Significantly, the bar to establish good cause is low and is cleared even when a movant presents only a "prima facie" case for relief. *Murphy*, 205 F.3d at 814 (citing *Harris*, 394 U.S. at 290). A defendant does not need to prove that he "will ultimately prevail on the underlying claim." *Smith v. Mahoney*, 596 F.3d 1133, 1152 (9th Cir. 2010) (internal quotations omitted). In *Bracy,* the Supreme Court indicated that the movant's 2255 claims were "speculative" but concluded that "difficulties of proof" were not the proper focus for a review of a habeas movant's discovery request: "In any event, difficulties of proof aside, there is no question that, *if it could be proved*," movant's allegations would constitute a violation of due process, and therefore movant had established good cause and discovery was required. 520 U.S. at 905.

"[M]ore liberal discovery is appropriate in capital cases where the stakes for petitioner are so high." *Payne v. Bell*, 89 F. Supp. 2d 967, 971 (W.D. Tenn. 2000); *Lopez v. Beard*, 2019 U.S. Dist. LEXIS 83229, at *6–7 (E.D. Pa. May 16, 2019) (accord); *Barbour v. Hamm*, 2022 U.S. Dist. LEXIS 39456, at *21 (M.D. Ala. Mar. 7, 2022) (accord).

In relation to each specific discovery request below, Mr. Garcia (1) makes specific factual allegations warranting relief; and, (2) shows why the requested information is necessary for the

---

[2] Rule 6 for § 2255 proceedings differs from the corresponding discovery rule under the § 2254 rules in that it includes the processes of discovery available under the Federal Rules of Criminal Procedure as well as the Federal Rules of Civil Procedure.

3

adequate factual development of his motion for recusal. When possible, Mr. Garcia alsodescribes factual evidence he has already identified that supports recusal and that supports the existence of additional relevant, material evidence in the hands of the court staff. Mr. Garcia has therefore established "good cause" under Rule 6 and related case law such as *Bracy*.

**III.    Mr. Garcia Shows Good Cause for the Following Discovery Related to Recusal**

In his 2255 motion and his Joint Motion for Recusal, Mr. Garcia has made specific factual allegations that the wheel from which his venire was selected was unlawfully assembled.  Mr. Garcia has alleged that the judges of the Eastern District, including Judge Crone, created a system, in violation of the published Jury Plan, to draw special wheels for capital cases. Further, that the special wheel drawn for Mr. Garcia was selected in a non-random fashion (in order of voter identification number), resulting in a jury that effectively excluded or substantially underrepresented jurors of color and jurors under the age of 40.

Mr. Garcia has specifically alleged that: Judge Crone was responsible for supervising the assembly of the wheel in Mr. Garcia's case under the Jury Plan; Judge Crone supervised the creation of venires from the 2010 Master Wheel (which was tainted by the same impropriety as Mr. Garcia's special wheel); and, Judge Crone presided over virtually all of the capital trials in the Eastern District in recent years.

Mr. Garcia has specifically alleged that Judge Crone: was actively involved in supervising and communicating about the assembly of the special wheel used in his case; and Judge Crone presented jury coordinator Beth Harper to Mr. Garcia and his counsel at a pre-trial hearing, where Ms. Harper factually misrepresented the manner in which the jury venire was being assembled.

Mr. Garcia has further specifically alleged when habeas counsel began investigating the problems with the assembly of the venire, the jury coordinator, Ms. Harper, the Clerk of Court,

Mr. Maland, and the Operations Manager, Terri Splawn, failed to disclose relevant information or respond to several requests for relevant information over a course of years.[3] Habeas counsel wrote to the court staff describing exactly the manner in which they believe that the jury selection was flawed and received a response that failed to answer many queries and asserted that the jury selection complied with relevant rules. The failure of court staff to be more forthcoming creates an appearance of defensiveness and of a cover up as well as bearing upon the intentionality of the factual misrepresentations–a matter that the government has put in issue.

As described in the Amended 2255 Motion and the Joint Motion for Recusal, Mr. Garcia seeks to show cause for his failure to bring his jury claim prior to trial and points to the misrepresentations of court staff prior to trial as to the manner in which the venire was being assembled. The Joint Motion for Recusal argues that a reasonable observer would harbor doubts over Judge Crone's ability to be impartial in presiding over either the question of whether cause is shown or the substantive claim to relief as a result of the unlawfully assembled wheel and venire.

>    **A.    *Discovery should be granted for information tending to show what Judge Crone could reasonably have been expected to have known at the time of trial or would now be reasonably expected to know about the improper jury selection method and the response of court staff to the investigation of the jury selection method***

Under 28 U.S.C. § 455(a), the assessment of whether a reasonable observer would harbor doubts about a judge's ability to remain impartial is based not just upon what disqualifying information a judge admits to knowing, but upon what disqualifying information the judge could reasonably be expected to have known. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988).

---

[3] That is not to suggest that these members of court staff have been wholly unresponsive but they have failed to be forthcoming in several of their responses or respond to relevant queries, particularly once the basis of the alleged improper jury selection was described to them.

As a result, information supporting the claim that Judge Crone was heavily involved in the jury selection arising from the 2010 Master Wheel and the special selection in Mr. Garcia's case tends to support the Joint Motion for Recusal. Such information creates the appearance of partiality because Judge Crone could reasonably be expected to know how the jury was selected, and further, would be adjudicating questions of fact as to which she could reasonably be expected to have personal knowledge from her off-the-bench supervision of jury selection.

Similarly, information supporting the claim that Judge Crone's own supervision in the tainted jury selection is implicated by the procedural and substantive issues arising under Claim XIII tends to support the Joint Motion for Recusal. As a result, objective documents that form part of the established mechanisms for transparency and supervision of the jury selection should be produced. In particular, the certificate required under the Eastern District's Jury Plan to be produced and submitted to the Chief Judge and the public statement of the method of compiling the wheel and venire required to be posted by the Clerk should be disclosed. Alternatively, if they were never created or maintained, this fact should be disclosed.

Information supporting the claim that court staff have not been forthcoming with relevant information in their responses to habeas counsel's requests, and information suggesting that Judge Crone was made aware of those requests and responses also tends to support the Joint Motion for Recusal. Such information creates the appearance of partiality because Judge Crone could reasonably be expected to know about the queries, their disclosure of the tainted jury selection method and the limited responses, and further, would be adjudicating questions of fact as to which she could reasonably be expected to have personal knowledge from her off-the-bench supervision of jury selection.

6

As a result, Mr. Garcia requests leave to issue subpoenas to and conduct depositions of David Maland, Beth Harper, Terri Splawn, and Michael Sutera, to seek records and answers responsive to the following:

- The timing, length, and content of meetings or communications between Judge Crone and court staff or contractors responsible for jury selection, including but not limited to Ms. Harper, Mr. Maland, Ms. Splawn, Mr. Sutera, and other judges of the Eastern District, relating to:

  o The use of Special Wheels in capital cases in the Eastern District of Texas;

  o The assembly of the 2010 Master Wheel;

  o The assembly of the Beaumont Special Selection;

  o The assembly of the venire to be used in Mr. Snarr and Mr. Garcia's joint capital trial;

  o Habeas counsel's requests for jury data and information related to jury selection, the improprieties in jury selection described in habeas counsel's correspondence and the limited responses provided to habeas counsel's requests.

- The certificate required by Section 6 of the Jury Plan that describes the random method of jury selection utilized for the 2010 Master Wheel and the Beaumont Special Selection.  If the certificate was not produced, is not available, and/or cannot be reproduced, an explanation of these facts.

- The general notice relevant to the 2010 Master Wheel and Beaumont Special Selection, required to be posted in the clerk's office and on the court website by Section 6 of the Jury Plan, describing the process by which names for jury wheels

are randomly and periodically drawn. If the notice was not produced, is not available, and/or cannot be reproduced, an explanation of these facts.

### *B. Discovery should be granted for information tending to show that Judge Crone has a long standing relationship with court staff Beth Harper, David Maland, and Terri Splawn, and with contractor David Sutera and his firm*

The judge presiding over the 2255 proceeding will have to make factual determinations and credibility assessments regarding the actions and intentions of court staff and Mr. Sutera. As a result, information tending to show a long association between Judge Crone and Beth Harper, David Maland, and Terri Splawn as well as Michael Sutera and Sutera Data Systems will tend to support Mr. Garcia's Joint Motion for Recusal.

As a result, Mr. Garcia requests leave to issue subpoenas to and conduct depositions of David Maland, Beth Harper, Terri Splawn, and contractor Michael Sutera to seek records and answers responsive to the following:

- The length and nature of employment of Beth Harper, David Maland and Terri Splawn with the Eastern District of Texas and the level and nature of contact between these parties and Judge Crone over this period;
- Records of the period and nature of contracting with Michael Sutera and Sutera Data Systems and the level and nature of contact with Judge Crone over this period.

### *C. Relevant information in the possession of Judge Crone should be voluntarily disclosed*

As discussed above, the question of a sitting judge being subjected to discovery is both uncomfortable and legally complicated. Undersigned is not trying to create issues where they do not need to arise, and as discovery is in Judge Crone's discretion at this stage it is respectfully submitted that the proper course is for Judge Crone to make a disclosure of information tending to

support the Joint Motion for Recusal. This information would track the discovery requests above and so it is requested that Judge Crone voluntarily disclose any information in her possession tending to support the Motion because it:

- Discloses the timing, length, and content of meetings or communications between Judge Crone and court staff or contractors, including but not limited to Mr. Maland, Ms. Harper, Ms. Splawn, Mr. Sutera, and other judges of the Eastern District relating to:

  o The use of Special Wheels in capital cases in the Eastern District of Texas;

  o The assembly of the 2010 Master Wheel;

  o The assembly of the Beaumont Special Selection;

  o The assembly of the venire to be used in movant's trial;

  o Habeas counsel's requests for jury data and information related to jury selection, the improprieties in jury selection described in habeas counsel's correspondence and the limited responses provided to habeas counsel's requests.

- Discloses the timing, length and content of meetings or communications between Judge Crone and court staff or contractors, including Ms. Harper and Mr. Sutera, or Judge Crone and other judges of the Eastern District relating to habeas counsel's requests for jury data, the improprieties uncovered in those letters and the limited responses provided to those requests.

- Discloses the length and nature of the relationship between Judge Crone and Beth Harper, David Maland, Terri Splawn, Michael Sutera and Sutera Data Systems;

9

- Discloses any knowledge related to whether the certificate required by Section 6 of the Jury Plan was produced, and if the certificate was not produced, is not available, and/or cannot be reproduced, discloses any knowledge of these facts;

- Discloses any knowledge related to whether the general notice required to be posted in the clerk's office and on the court website by Section 6 of the Jury Plan was posted, and if the notice was not produced, is not available, and/or cannot be reproduced, discloses any knowledge of these facts.

### CONCLUSION

For the foregoing reasons, Mr. Garcia respectfully requests that this Court grant this motion for leave to conduct discovery and to make voluntary disclosures for the reasons provided.

Respectfully Submitted,
*/s/ Christine Lehmann*

Christine Lehmann
Louisiana Capital Assistance Center
636 Baronne Street
New Orleans, LA 70113
(504) 558-9867
(504) 558-0378 (fax)
Louisiana Bar #28122

### CERTIFICATE OF SERVICE

I hereby certify that on 1/25/2023 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

*/s/ Christine Lehmann*

### CERTIFICATE OF CONFERENCE

This is to certify that undersigned counsel conferred with AUSA Kenner, Counsel for the Government, and she advised that the government does oppose this motion.

*/s/ Christine Lehmann*