**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **EDGAR GARCIA,** | ) | |
| Petitioner | ) | **Case No. 1:13-CV-723** |
| v. | ) | **Criminal No. 1:09-CR-15** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | **Judge Marcia A. Crone** |
| Respondent | ) | |

**REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR RECUSAL**

**I.    The Government's procedural objections are not well taken and do not preclude merits consideration or the relief requested in the recusal motion**

**A.    Mr. Garcia's motion is not filed untimely as a litigation strategy**

28 USCS § 455 does not contain a statutory timeliness requirement and is a self-enforcing standard that does not require any filings by any party. *Davis v. Bd. of Sch. Comm'rs*, 517 F.2d 1044, 1051 (5th Cir. 1975); *United States v. Miranne*, 688 F.2d 980, 985 (5th Cir. 1982).

The Fifth Circuit has inferred a timeliness requirement that is designed to prevent abuse by litigants that would reduce recusal proceedings to a trial stratagem. *Delesdernier v. Porterie*, 666 F.2d 116, 120-23 (5th Cir. 1982). The Fifth Circuit has not quantified timeliness but has expressly rejected a *per se* timeliness bar. *United States v. Sanford*, 157 F.3d 987, 988-89 (5th Cir. 1998).

The Fifth Circuit has stated that, "The timeliness requirement of section 455 obligates a party to raise the disqualification issue 'at a reasonable time in the litigation.'" *Hollywood Fantasy Corp. v. Gabor*, 151 F.3d 203, 216 (5th Cir. 1998) (quoting *United States v. York*, 888 F.2d 1050, 1055 (5th Cir. 1989)).[1] Courts are willing to consider the merits of even untimely motions for

---

[1] In another case, the Fifth Circuit has urged filing "at the earliest moment after knowledge of the facts demonstrating the basis for disqualification." *Hill v. Schilling*, 495 F. App'x 480, 483-84 (5th Cir. 2012). In *Delesdernier* itself, the Fifth Circuit cited with approval the formulation "at the earliest practicable moment after relevant facts become known." *Delesdernier*, 666 F.2d at 121 n.3. "[T]imeliness does not necessarily require that a motion for disqualification be filed immediately upon learning of the grounds for disqualification." *United States v. York*, 888 F.2d 1050, 1055 n.7 (5th Cir. 1989). In effect, the standard requires filing at the earliest moment before other substantial action is taken in the case.

recusal. *Delesdernier*, 666 F.2d at 121; *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1164 n.3 (5th Cir. 1982).

What is most important in the timeliness requirement is to avoid the spectacle of a litigant waiting to see how a ruling or trial turns out before deciding whether to move for recusal. *Delesdernier*, 666 F.2d at 121; *United States v. Sanford*, 157 F.3d 987, 988-89 (5th Cir. 1998). No such situation applies here.

In the present case, Mr. Garcia was understandably occupied with developing his Amended Motion, including Claim XIII and then investigating and responding to the government's extensive opposition, including the government's submissions that Mr. Garcia must establish cause and prejudice.  Noone can dispute that the Amended Motion and Reply are very substantial bodies of work that have fully occupied counsel. Only after the Reply was filed were counsel reasonably able to give sober consideration to the question of recusal, to conduct the legal and factual investigation necessary to determine that the motion was properly brought and to draft the motion.

What flowed from that earnest and careful work is a well-considered, moderately phrased motion to recuse based on a serious set of issues deserving of this Court's proper attention. While the government may complain that counsel should have typed faster, there is obviously no effort at trial stratagem in the timing of the motion.

**B.    Mr. Garcia has committed no error in failing to seal the motion to recuse and suggestions of bad faith are without merit**

The government complains that Mr. Garcia did not seal the motion to recuse (Doc. 169 at 1-2) but neither moves to seal the motion, nor offers any basis for requesting that the motion be sealed. There is no proper basis upon which the motion for recusal could have been sealed.

The government then repeatedly raises the specter that counsel for Mr. Garcia deliberately failed to seal the motion to recuse as a part of a bad faith effort to force the court to recuse itself.

Doc 169 at 1-2, 18 citing *Pollard*.[2] Since there is no proper basis for sealing the motion to recuse it can hardly be supposed that there was a bad faith motive for failing to seal the motion. Nor is there anything contained in the motion to recuse which would force the Court to recuse itself.

**II.    The Government's analysis fails to take into account critical legal considerations**

**A.    The recusal standard requires examination of what a reasonable observer would reasonably expect not merely what is expressly proven**

The government's opposition is largely dedicated to arguing that Mr. Garcia has failed to affirmatively prove that circumstances giving rise to an appearance problem exist in this case.

Under § 455(a) Mr. Garcia does not bear the burden of proving that Judge Crone actually has disqualifying knowledge, or took actions giving rise to a need for recusal. Instead, Mr. Garcia need only point to circumstances that would lead a reasonable observer to expect that Judge Crone has the knowledge or took the actions. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860-861 (1988). Contrary to the government's position, Judge Crone's role in supervising and controlling the Clerk's management of the jury selection process raises reasonable expectations.

**B.    The reasonable observer is a person willing to indulge suspicions and doubts concerning the integrity of judges**

The government leans on language from *Jordan* that the test asks "how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995).

However, the court in *Jordan* did not stop there, instead the court recognized that while the reasonable observer may not be hypersensitive, he or she is less likely to credit judges' impartiality than the judiciary and that such an observer should not be taken to credit all inferences favorable

---

[2] In any event, the government has misunderstood *Pollard*. The majority's footnoted statement, twice quoted by the government, referred to the possibility that *Pollard* may have included an exceedingly weak allegation of *ex parte* contact in his § 2255 motion and then requested a hearing on that claim in order to force recusal of the presiding judge.

to the honesty and care of the presiding judge. *Jordan*, 49 F.3d at 156-57.

Indeed, the reasonable observer standard must have regard to non-judicial observers who "are often all too willing to indulge suspicions and doubts concerning the integrity of judges" and whose skepticism  is not easily quelled. *Liljeberg*, 486 U.S. at 864–65 & n.12.

**C.    Work supervising and controlling the Clerk and his staff in managing the jury selection process is not automatically insulated from consideration on recusal**

The government argues that an unpublished and non-precedential decision, *United States v. Lechuga*, 820 F. App'x 261 (5th Cir. 2020), demonstrates that Judge Crone is insulated from recusal as all action or inaction taken and all information gained was in a judicial capacity.

*Lechuga* involved a judge properly receiving information ahead of a hearing that then incorporated all of that information. The issue in the present case is that something has gone terribly wrong with the process of jury selection that Judge Crone was responsible for supervising and controlling. The question now arises as to whether it serves the appearance of justice for Judge Crone to preside over the determinations of what went wrong, who knew about it, whether staff made misleading statements about it, whether there were intentional representations and whether Mr. Garcia is entitled to a new trial as a result of the errors in jury selection. This is quite different.

The label of judicial or extra-judicial is not talismanic or determinative of the question of recusal but, in any event, the better view in a case such as the present is that any information received or action taken off the record and in the absence of counsel for Mr. Garcia falls on the extra-judicial side of the line for these purposes.

**III.    The Government fails to successfully challenge the central factual allegations**

**A.    The motion requires no affidavit describing *ex parte* contact**

The government complains that Mr. Garcia has failed to attach an affidavit describing ex parte contacts so as to prove the existence and content of those contacts. However, 28 USCS § 455

does not call for the filing of an affidavit. *Travelers Ins. Co. v. Liljeberg Enters.*, 38 F.3d 1404, 1411 (5th Cir. 1994) (a § 455(a) recusal is self-executing; no affidavit is necessary to present the claimed basis for disqualification to the court).

Ultimately, as the government points out, Judge Crone is in the best position to know whether there were further contacts with Ms. Harper and the other court staff regarding the jury selection process and the content of those communications. This is the design of 28 USCS § 455: to bring these matters to the judge's attention for the judge to self-police under the recusal standard.

    **B.**    **The government's complaint that it has not verified the factual allegations underpinning Claim XIII is meritless and does not bear on the recusal motion**

The government complains that the factual allegations made by Mr. Garcia in Claim XIII, regarding the manner in which the jury selection process was conducted, have not been verified by the government. (Doc 169, at 4-6). This does not impact the question of whether Judge Crone should preside over the factual determinations raised by Claim XIII and the procedural objections, and in any event, the failure to verify or refute the claims is entirely the government's responsibility.

Respectfully submitted,

*/s/ Christine Lehmann*
Christine Lehmann, LA 28122
Attorney for Edgar Garcia
Louisiana Capital Assistance Center
636 Baronne Street
New Orleans, LA 70113
504-558-9867

## CERTIFICATE OF SERVICE

I hereby certify that on 3/15/2023 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

*/s/ Christine Lehmann*