**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **EDGAR GARCIA,** | ) | |
| Petitioner | ) | **Case No. 1:13-CV-723** |
| v. | ) | **Criminal No. 1:09-CR-15** |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | **Judge Marcia A. Crone** |
| Respondent | ) | |

**REPLY TO GOVERNMENT'S OPPOSITION TO**
**MOTION FOR DISCOVERY RELATED TO RECUSAL**

**I.      Mr. Garcia filed a specific and particular request for discovery identifying how and why he may be entitled to the relief requested if the facts are fully developed**

Rule 6 states that "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practices and principles of law." § 2255 Rule 6(a). Good cause is demonstrated by showing that the movant *may*, if the facts are fully developed, be able to demonstrate that he is entitled to the relief sought.  *Bracy*, 520 U.S. at 908-09

Mr. Garcia has made specific factual allegations and specific requests for discovery that clearly show that he may be able to demonstrate an entitlement to relief on his motion to recuse if the facts are fully developed.

The government asserts without citation to pertinent authority that discovery in support of a motion to recuse in a § 2255 proceeding is not permissible. Doc. 170, at 3-4.  The government cites to *United States v. Webster*, 392 F.3d 787, 801 (5th Cir. 2004) but that case has nothing to do with recusal. *Webster* deals with denial of a discovery request application that did not allege a single factual dispute, which, if resolved in movant's favor, would entitle him to relief. *Webster* does not support or even speak to the government's argument that discovery in support of recusal is categorically banned in § 2255 proceedings.

Rule 6 governs and imposes no such limitation, instead granting broad authority to order discovery under the Federal Rules of Civil Procedure.  Certainly the civil rules provide for Rule 26 or Rule 45 discovery in support of a motion for recusal (though a different judge may be required to rule on the discovery request). *Wallace v. Kmart Corp.*, 687 F.3d 86, 88 (3d Cir. 2012) (describing order affirming discovery in recusal proceedings but directing that "all discovery be overseen by a Magistrate Judge, and not the District Judge about whom the recusal motion was focused.")

There is no reason why the court's discretion to grant discovery in support of a motion to recuse should be eliminated in the context of a capital § 2255 proceeding where Rule 6 specifically authorizes the court to grant discovery under the Rules of Civil Procedure and imposes no such limitation.

## II.    The government's submission that discovery in support of the motion for recusal must wait until after the court has dismissed substantive claims makes no sense

In 2017 the court in this case entered an order deferring discovery sought in support of the claims in the §2255 motion until after the court conducts a post-filing review of whether the motion should be dismissed.  Doc 79.

The government now argues that the court's 2017 order controls and bars discovery in support of the motion to recuse. The court's 2017 ruling obviously did not address and was not intended to control the current motion to recuse or the current discovery request.

There is no basis in the Rules or caselaw for suggesting that a judge faced with a motion to recuse must first consider and dismiss substantive claims before ordering discovery in support of the motion to recuse; a motion that will determine whether it is appropriate for that judge to preside over the matter at all.  Such a rule simply does not make sense and, thankfully, is neither the law nor the law of the case.

**III.    Mr. Garcia has filed a meritorious and appropriate motion for recusal and discovery in support of that motion should be ordered**

Finally, the government argues that the motion to recuse is untimely and lacking merit. These arguments are addressed in Mr. Garcia's Reply to the government's opposition to the motion to recuse and Mr. Garcia adopts and incorporates those arguments here.

Given an earnest and legitimate motion to recuse, this Court should grant discovery to ensure that full factual development occurs to allow full argument and adjudication of the motion to recuse.

Respectfully submitted,

*/s/ Christine Lehmann*
Christine Lehmann, LA 28122
Attorney for Edgar Garcia
Louisiana Capital Assistance Center
636 Baronne Street
New Orleans, LA 70113
504-558-9867

## CERTIFICATE OF SERVICE

I hereby certify that on 3/15/2023 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

*/s/ Christine Lehmann*

3