UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

EDGAR GARCIA,                           )
        Petitioner,                     )
                                        )
        v.                              )     CASE NO. 1:13-CV-723
                                        )     CRIMINAL NO. 1:09-CR-15
UNITED STATES OF AMERICA,               )
        Respondent.                     )

**RESPONSE TO COURT'S ORDER RE EFFECT OF COMMUTATION**

**COMES NOW** Edgar Garcia, through his undersigned counsel, and respectfully files his Response to this Court's Order of December 28, 2024 (Doc. # 177).

On December 23, 2024, President Biden commuted the death sentence imposed upon Mr. Garcia to life imprisonment without parole. (Doc #176). On December 28, 2024, this Court ordered Mr. Garcia to file a Response asserting which of the claims in his pending 2255 petition present a live case or controversy and are not moot, citing *United States v. Surratt*, 855 F.3d 218 (4th Cir.), cert. denied, 583 U.S. 1040 (2017).

Mr. Garcia asserts that the following claims address the legality of his conviction rather than his death sentence, and therefore still present a live case or controversy and are not moot subsequent to the commutation of his death sentence:

- o Claim II (Mr. Garcia was denied the effective assistance of counsel as guaranteed by 18 U.S.C. 3599 and the Fifth, Sixth, and Eighth Amendments of the Constitution at the guilt-innocence phase of trial) (all subsections);

- o Claim VI (Mr. Garcia received ineffective assistance of counsel when his counsel failed to effectively seek adequate funds or make reasonable professional

judgments on the use of the limited funds that were made available) (all subsections);

- o Claim VIII (Mr. Garcia's rights to due process of law, to confront his accusers, and to present a complete defense were violated when the government withheld favorable information and used false testimony in violation of the Fifth, Sixth, and Eighth Amendments) with regards:

  - Subsection C:   evidence related to BOP violence and lack of security;

  - Subsection E:   the Government's failure to correct Keenan Hurt's false testimony about his history as an informant;

- o Claim X (Mr. Garcia's right to a fair trial was infringed upon by juror misconduct in violation of the Fifth, Sixth and Eighth Amendments) with regards:

  - Subsection A (Marshalls told jurors that Mr. Garcia's family were a potential threat to the jurors and extra security was being provided);

  - Subsection B (Juror Godkin told the other jurors that in her expert opinion as a nurse, the fatal wounds were deliberately inflicted);

  - Subsection E (multiple jurors provided misleading answers during voir dire);

- o Claim XI (Mr. Garcia's right to a fair trial was infringed upon by biased jurors, in violation of the Fifth and Sixth Amendments.);

- o Claim XII (Mr. Garcia was denied the effective assistance of counsel by his attorneys' unreasonable errors and omissions in selecting his capital jury, in violation of his rights under the Fifth, Sixth and Eighth Amendments.);

- o Claim XIII (Mr. Garcia's rights to a jury drawn from a fair cross-section, his rights under the Jury Selection and Service Act and to the effective assistance of counsel were violated when an unlawful jury wheel was secretly and non-randomly drawn in violation of the Jury Plan and contrary to the representations of court officials);

- o Claim XIV (The cumulative effect of trial counsel's deficiencies and the government's misconduct prejudiced the defense at both phases of the trial).

The following claims, which address only the legality of the death sentence which has been commuted, are mooted: Claim I, Claim II, Claim IV, Claim V, Claim VII, Claim VIII (subsections A, B, and D only), Claim IX, Claim X (subsections C and D only); Claims XV-XIX. However, the text explicating these mooted claims is *not* withdrawn or excised, as a number of the retained claims rely upon and/or incorporate the factual explication or arguments contained in such text. For example, Claim II adopts and incorporates the discussion of the failure to develop and present evidence of Mr. Rhones' threats and the credibility of those threats accompanying his claim of selection phase ineffectiveness at Claim IV(G).

Notably, *Surratt* is a summary opinion without articulated reasons out of the Fourth Circuit which has never been followed or cited in the Fifth Circuit. Moreover, the Court in *Surratt* finds moot challenges to a sentence that has itself been commuted. *See, e.g., United States v. France*, 2019 U.S. Dist. LEXIS 114121, *5 (W.D.Va. 2019) ("*Surratt* stands for the proposition that 'the commutation of a sentence moots a legal challenge to the unlawfulness of the prior sentence when the commutation cures the alleged unlawful defect in that sentence.'" (*quoting United States v. Dodd*, 372 F.Supp.3d 795, 799 (S.D.Iowa 2019)). Mr. Garcia maintains challenges only to his conviction, not to his commuted sentence, and so *Surratt* does not apply. Moreover, according to the Supreme Court, a case becomes moot, "only when it is impossible for a court to grant any

effectual relief whatsoever to the prevailing party." *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 669, 193 L. Ed. 2d 571 (2016). Here there is relief available for Mr. Garcia in relation to all of the legal challenges to his conviction.

.

DATED this 7 day of March, 2025.

RESPECTFULLY SUBMITTED,

_____/s/Christine Lehmann_____
Christine Lehmann
Louisiana Capital Assistance Center
636 Baronne Street
New Orleans, LA 70113
(504) 558-9867
(504) 558-0378 (fax)
Louisiana Bar #28122
clehmann@thejusticecenter.org

Jason D. Hawkins
Federal Public Defender
Northern District of Texas
525 South Griffin Street, Suite 629
Dallas, Texas 75202
(214) 767-2746
(214) 767-2886 (fax)
Texas Bar No. 00795763

**CERTIFICATE OF SERVICE**

This is to certify that, on this March 7, 2025, the above response was filed with the Court via the ECF electronic filing system. Counsel for the Government was served with a copy of this document through ECF.

_____/s/ Christine Lehmann_____